# EXHIBIT 1

# COMPLAINT AT LAW

Jun. 23. 2006  3:39PM                                   No.8424   P. 12

Atty. No. 33718

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRUCE ROGERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ROTHBART PROPERTIES; | ) | |
| PRECISION LABORATORIES, INC, | ) | |
| ROTHBART REALTY COMPANY, | ) | |
| 977 NORTHPOINT VENTURES, LLC. | ) | |
| a/k/a 977 NORTHPOINT VENTURES FUND, | ) | |
| SLJ PROPERTIES, LLC, ROTHBART | ) | |
| CONSTRUCTION COMPANY, INC. and | ) | |
| ROTHBART CONSTRUCTION | ) | |
| COMPANY, INC a/k/a ROTHBART | ) | |
| CONSTRUCTION REALTY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW comes the Plaintiff, BRUCE ROGERS, by and through his attorneys, CUTLER &

HULL, and complains of the Defendants, ROTHBART PROPERTIES (hereinafter "Rothbart")

PRECISION LABORATORIES, INC. (hereinafter "Precision"), ROTHBART REALTY

COMPANY (hereinafter "Rothbart Realty"), 977 NORTHPOINT VENTURES, LLC a/k/a 977

NORTHPOINT VENTURES FUND (hereinafter "977 Northpoint"), SLJ Properties, LLC

(hereinafter "SLJ", Rothbart Constuction Company, Inc (hereinafter "Rothbart Construction"), and

Rothbart Construction Company, Inc a/k/a Rothbart Construction Realty (hereinafter "Rothbart

Construction Realty") as follows:

### COUNT I
### (Negligence)

1.    On and before June 25, 2004, Rothbart or 977 Northpoint or both owned or



managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.      On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.      On or before June 25, 2004, Rothbart Realty managed the premises.

4.      At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

5.      At all times relevant, Defendants Rothbart, Rothbart Realty and 977 Northpoint conducted business in Cook County Illinois.

6.      At all times relevant, Defendant Precision conducted business in Cook County Illinois.

7.      On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

8.      At the time and place aforesaid, Defendant, ROTHBART, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

9.      On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture  in and about the

2

walkway and parking lot area of the Premises.

    10.    At and before the time and place aforesaid, Defendant, ROTHBART, was

negligent in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

    e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

    f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

    g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

    h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

    i.    Defendant failed to provide Plaintiff with a safe pathway

3

for ingress and egress into Precision to which he was a
lawful invitee;

j.      Defendant failed to provide or maintain sufficient and/or
appropriate warnings of the unsafe conditions in and about
the area where Plaintiff fell; and

k.      Defendant was otherwise careless and negligent.

11. Defendant, ROTHBART, knew or should have known of the foregoing dangerous
conditions.

12. As a direct and proximate result of one or more of the aforesaid careless and
negligent acts and /or omissions on the part of the Defendant, ROTHBART, its agents and
employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff
slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his
favor and against the defendants, ROTHBART PROPERTIES, in an amount which this Court
deems just and proper, plus costs.

## COUNT II
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of
Count I of this Complaint, as and for Paragraphs 1 through 8 of Count II.

9.      At and before the time and place aforesaid, Defendant, ROTHBART, was in
violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following
ways:

a.      Carelessly and negligently operated, managed, maintained said Premises

4

and its walkways, entrance ways, loading areas, and parking lot ;

b.     Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.     Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.     Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.     Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.     Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.     Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.     Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.     Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.     Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.     Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT III
## (Negligence)

1-5.    Plaintiffs Bruce Rogers repeats and realleges Paragraphs 1 through 5 of Count I of his complaint as and for paragraphs 1 through 5 of Count III.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, PRECISION, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an

unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area

and loading area of the Premises and on an unnatural accumulation of moisture in and about the

walkway area of the premises.

     9.    At and before the time and place aforesaid, Defendant, PRECISION, was

negligent in one or more of the following ways:

        a.    Carelessly and negligently operated, managed, maintained
said Premises and its walkways, entrance ways, loading
areas, and parking lot ;

        b.    Carelessly and negligently failed to properly maintain said
Premises and its walkways, entrance ways and parking lot
in a safe and proper condition;

        c.    Carelessly and negligently failed to inspect said walkways,
loading areas, entrance ways and parking lot for dangerous
conditions;

        d.    Carelessly and negligently failed to repair or remove a
drainage pipe that directed water, liquids and debris in and
about the walkways, loading areas, parking lot and
entrances of the Premises;

        e.    Carelessly and negligently allowed a drainage pipe and the
area in and about the walkways and parking lot leading to
the entranceways at the Premises to be and remain in
disrepair;

        f.    Carelessly and negligently failed to re-direct water, liquids
and debris from the walkways, loading areas, parking lot
and entranceways of the Premises;

        g.    Carelessly and negligently failed to warn delivery people,
including the Plaintiff, of the above described unsafe
conditions;

        h.    Carelessly and negligently allowed an unnatural
accumulation of moisture, water, liquids, debris and growth

to develop and remain in and about the walkways, loading
areas, parking lot and entranceways of the Premises;

i.    Defendant failed to provide Plaintiff with a safe pathway
for ingress and egress into PRECISION to which he was a
lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or
appropriate warnings of the unsafe conditions in and about
the area where Plaintiff fell; and

k.    Defendant was otherwise careless and negligent.

8.    Defendant, PRECISION, knew or should have known of the foregoing dangerous
conditions.

9.    As a direct and proximate result of one or more of the aforesaid careless and
negligent acts and /or omissions on the part of the Defendant, PRECISION, its agents and
employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff
slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his
favor and against the defendant, PRECISION,  in an amount which this Court deems just and
proper, plus costs.

## COUNT IV
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphes 1 through 8 of
Count III of this Complaint, as and for Paragraphs 1 through 8 of Count IV.

9.    At and before the time and place aforesaid, Defendant, PRECISION, was in
violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one more more of the

8

following ways:

a.     Carelessly and negligently operated, managed, maintained **said** Premises and its walkways, entrance ways, loading areas, and parking lot;

b.     Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.     Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.     Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.     Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.     Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.     Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.     Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.     Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.     Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.    Defendant was otherwise careless and negligent.

10. Defendant, PRECISION, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, PRECISION, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, PRECISION, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

### COUNT V
### (Negligence)

1.    On and before June 25, 2004, ROTHBART REALTY COMPANY owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant ROTHBART REALTY COMPANY conducted business in Cook County Illinois.

5.    At all times relevant, Defendant Precision conducted business in Cook County

Illinois.

6.      On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.      At the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.      On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.      At and before the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, was negligent in one or more of the following ways:

    a.      Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

    b.      Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.      Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d.      Carelessly and negligently failed to repair or remove a

11

drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.    Defendant was otherwise careless and negligent.

the foregoing dangerous conditions.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART REALTY COMPANY, its agents and employees, a portion of the Premises was left in a dangerous

Jun.23. 2006  3:41PM                                              No.8424  P. 24

condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART REALTY COMPANY, in an amount which this Court deems just and proper, plus costs.

## COUNT VI
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count V of this Complaint, as and for Paragraphs 1 through 8 of Count IV.

9.    At and before the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.    Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.    Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART REALTY COMPANY, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART REALTY COMPANY, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART REALTY COMPANY, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

14

## COUNT VII
### (Negligence)

1.      On and before June 25, 2004, 977 NORTHPOINT owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.      On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.      At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.      At all times relevant, Defendant 977 NORTHPOINT conducted business in Cook County Illinois.

5.      At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6.      On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.      At the time and place aforesaid, Defendant, 977 NORTHPOINT, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.      On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area

15

and loading area of the Premises and on an unnatural accumulation of moisture in and about the

walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, 977 NORTHPOINT, was

negligent in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

16

i.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

k.    Defendant was otherwise careless and negligent.

10.    Defendant, 977 NORTHPOINT, knew or should have known of the foregoing dangerous conditions.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, 977 NORTHPOINT, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, 977 NORTHPOINT, in an amount which this Court deems just and proper, plus costs.

## COUNT VIII
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, 977 NORTHPOINT, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises

17

and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.    Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.    Defendant was otherwise careless and negligent.

10. Defendant, 977 NORTHPOINT, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, 977 NORTHPOINT, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, 977 NORTHPOINT, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT IX
### (Negligence)

1. On and before June 25, 2004, SLJ Properties, LLC owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2. On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3. At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4. At all times relevant, Defendant SLJ PROPERTIES, LLC conducted business in Cook County Illinois.

5. At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6. On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the

19

premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC,

by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for

entering and leaving the Premises and a duty to maintain the said Premises and its surrounding

area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner

and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the

common and usual area for entering and leaving the Premises when he slipped and fell on an

unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area

and loading area of the Premises and on an unnatural accumulation of moisture in and about the

walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC,

was negligent in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained
           said Premises and its walkways, entrance ways, loading
           areas, and parking lot ;

    b.    Carelessly and negligently failed to properly maintain said
           Premises and its walkways, entrance ways and parking lot
           in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways,
           loading areas, entrance ways and parking lot for dangerous
           conditions;

    d.    Carelessly and negligently failed to repair or remove a
           drainage pipe that directed water, liquids and debris in and
           about the walkways, loading areas, parking lot and
           entranceways of the Premises;

20

e.     Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.     Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.     Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.     Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and  entrance ways of the Premises;

i.     Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.     Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.     Defendant was otherwise careless and negligent.

10.    Defendant, SLJ PROPERTIES, LLC, knew or should have known of the foregoing dangerous conditions.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, SLJ PROPERTIES, LLC, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his

favor and against the defendants, SLJ PROPERTIES, LLC, in an amount which this Court

deems just and proper, plus costs.

## COUNT X
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of

Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC,

was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the

following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises
and its walkways, entrance ways, loading areas, and parking lot;

b.    Carelessly and negligently failed to properly maintain said
Premises and its walkways, entrance ways and parking lot
in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways,
loading areas, entrance ways and parking lot for dangerous
conditions;

d.    Carelessly and negligently failed to repair or remove a
drainage pipe that directed water, liquids and debris in and
about the walkways, loading areas, parking lot and
entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the
area in and about the walkways and parking lot leading to
the entrance ways to PRECISION to be and remain in
disrepair;

f.    Carelessly and negligently failed to warn delivery people,
including the Plaintiff, of the above described unsafe
conditions;

g.    Carelessly and negligently allowed an unnatural

22

Jun. 23. 2006  3:44PM                                              NO. 6929  P. 34

accumulation of moisture, water, liquids, debris and growth
to develop and remain in and about the walkways, loading
areas, parking lot and entrance ways of the Premises;

h.      Defendant failed to provide Plaintiff with a safe pathway
for ingress and egress into Precision to which he was a
lawful invitee;

i.      Defendant failed to provide or maintain sufficient and/or
appropriate warnings of the unsafe conditions in and about
the area where Plaintiff fell;

j.      Defendant failed to design a safe method for removal or re-directioned
water and moisture away from the walkways, loading areas, parking lot
and entrance ways of the Premises; and

k.      Defendant was otherwise careless and negligent.

10. Defendant, SLJ PROPERTIES, LLC, knew or should have known of
the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and
negligent acts and/or omissions on the part of the Defendant, SLJ PROPERTIES, LLC, its agents
and employees, the aisles and walkways were left in a dangerous condition which caused the
Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his
favor and against the Defendant, SLJ PROPERTIES, LLC, in an amount in excess of $50,000
and which this Court deems just and proper, plus costs.

## COUNT XI
(Negligence)

1.      On and before June 25, 2004, ROTHBART CONSTRUCTION COMPANY, INC. owned
or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois

(hereinafter "the Premises").

2.     On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.     At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.     At all times relevant, Defendant ROTHBART CONSTRUCTION COMPANY, INC. conducted business in Cook County Illinois.

5.     At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6.     On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.     At the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC., by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.     On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.     At and before the time and place aforesaid, Defendant, ROTHBART

CONSTRUCTION COMPANY, INC., was negligent in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and  entrance ways of the Premises;

i.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about

25

the area where Plaintiff fell; and

k.    Defendant was otherwise careless and negligent.

10.    Defendant, ROTHBART CONSTRUCTION COMPANY, INC., knew or should have known of the foregoing dangerous conditions.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART CONSTRUCTION COMPANY, INC., in an amount which this Court deems just and proper, plus costs.

## COUNT XII
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC., was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot

26

in a safe and proper condition;

c.   Carelessly and negligently failed to inspect said walkways,
     loading areas, entrance ways and parking lot for dangerous
     conditions;

d.   Carelessly and negligently failed to repair or remove a
     drainage pipe that directed water, liquids and debris in and
     about the walkways, loading areas, parking lot and
     entranceways of the Premises;

e.   Carelessly and negligently allowed a drainage pipe and the
     area in and about the walkways and parking lot leading to
     the entrance ways to PRECISION to be and remain in
     disrepair;

f.   Carelessly and negligently failed to warn delivery people,
     including the Plaintiff, of the above described unsafe
     conditions;

g.   Carelessly and negligently allowed an unnatural
     accumulation of moisture, water, liquids, debris and growth
     to develop and remain in and about the walkways, loading
     areas, parking lot and entrance ways of the Premises;

h.   Defendant failed to provide Plaintiff with a safe pathway
     for ingress and egress into Precision to which he was a
     lawful invitee;

i.   Defendant failed to provide or maintain sufficient and/or
     appropriate warnings of the unsafe conditions in and about
     the area where Plaintiff fell;

j.   Defendant failed to design a safe method for removal or re-directioned
     water and moisture away from the walkways, loading areas, parking lot
     and entrance ways of the Premises; and

k.   Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART CONSTRUCTION COMPANY, INC., knew or should

have known of

27

the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.


## COUNT XIII
### (Negligence)

1.    On and before June 25, 2004, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY conducted business in Cook County Illinois.

5.    At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, was negligent in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways,

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, in an amount which this Court deems just and proper, plus costs.

### COUNT XIV
#### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.    Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.    Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART CONSTRUCTION

32

COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, its agents and employees,

the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and

fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his

favor and against the Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a

ROTHBART CONSTRUCTION REALTY, in an amount in excess of $50,000 and which this

Court deems just and proper, plus costs.


                                        Respectfully submitted,

                                        BRUCE ROGERS


                                        By: _____
                                            One of His Attorneys


Edwin J. Hull, III
Cutler & Hull
70 West Madison Street
Suite 3750
Chicago, IL 60602
(312) 726-0777
Atty. No. 33718


                                    33

STATE OF ILLINOIS )
                   ) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRUCE ROGERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    06 L 005376 |
| | ) | Calendar C |
| ROTHBART PROPERTIES; PRECISION | ) | |
| LABORATORIES, INC.; **ROTHBART REALTY** | ) | |
| **COMPANY**; 977 NORTHPOINT VENTURES, | ) | |
| L.L.C., a/k/a 977 NORTHPOINT VENTURES | ) | |
| FUND; SLJ PROPERTIES, L.L.C.; **ROTHBART** | ) | |
| **CONSTRUCTION COMPANY, INC.**; and | ) | |
| ROTHBART CONSTRUCTION COMPANY, INC. | ) | |
| a/k/a ROTHBART CONSTRUCTION REALTY, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT AT LAW

NOW COMES the defendant, **ROTHBART CONSTRUCTION COMPANY, INC.** ("Rothbart Construction"), by and through its attorneys, ADAMS SWATEK, L.L.C., and in answer to plaintiff's complaint at law states as follows:

## Count I
## (Negligence)

1-12.   This defendant makes no answer to paragraphs 1 through 12 of Count I of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count II
## (Premises Liability)

1-11.   This defendant makes no answer to paragraphs 1 through 11 of Count II of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

EXHIBIT
B

## Count III
### (Negligent)

1-9.    This defendant makes no answer to paragraphs 1 through 9 of Count III of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count IV
### (Premises Liability)

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count IV of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count V
### (Negligence)

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count V of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count VI
### (Premises Liability)

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count VI of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count VII
### (Negligence)

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count VII of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count VIII
### (Premises Liability)

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count VIII of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count IX
### (Negligence)

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count IX of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count X
### (Premises Liability)

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count X of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

## Count XI
### (Negligence)

1.    This defendant denies each and every allegation of paragraph 1 of Count XI of the plaintiff's complaint at law.

2.    This defendant admits the allegations of paragraph 2 of Count XI of the plaintiff's complaint at law.

3.    This defendant has no knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 of Count XI, therefore, neither admits nor denies same, but demands strict proof thereof.

4.    This defendant admits the allegations of paragraph 4 of Count XI of the plaintiff's complaint at law.

5.    This defendant has no knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 of Count XI, therefore, neither admits nor denies same, but demands strict proof thereof.

3

6.    This defendant has no knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of Count XI, therefore, neither admits nor denies same, but demands strict proof thereof.

7.    This defendant states that the allegations contained in paragraph 7 of Count XI of the plaintiff's complaint at law incorrectly states a duty owed by this defendant to the plaintiff, and, therefore, this defendant denies said allegations.

8.    This defendant denies each and every allegation of paragraph 8 of Count XI of the plaintiff's complaint at law.

9.    This defendant denies each and every allegation of paragraph 9 of Count XI of the plaintiff's complaint at law and specifically denies the allegations of subparagraphs (a) thru (k).

10.    This defendant denies each and every allegation of paragraph 10 of Count XI of the plaintiff's complaint at law.

11.    This defendant denies each and every allegation of paragraph 11 of Count XI of the plaintiff's complaint at law.

WHEREFORE, this defendant, ROTHBART CONSTRUCTION COMPANY, INC., denies that the plaintiff, BRUCE ROGERS, is entitled to a judgment in any amount whatsoever.

## Count XII
### (Premises Liability)

1-8.    This defendant, Rothbart Construction, repeats and realleges its answers to paragraphs 1 through 8 of Count XII of this complaint at law, as and for paragraphs 1 through 8 of Count XII of plaintiff's complaint at law as if same were fully set forth herein.

9.    This defendant denies each and every allegation of paragraph 9 of Count XII of the plaintiff's complaint at law and specifically denies the allegations of subparagraphs (a) thru (k).

10.    This defendant denies each and every allegation of paragraph 10 of Count XII of the plaintiff's complaint at law.

4

11.    This defendant denies each and every allegation of paragraph 11 of Count XII of the plaintiff's complaint at law.

WHEREFORE, this defendant, ROTHBART CONSTRUCTION COMPANY, INC., denies that the plaintiff, BRUCE ROGERS, is entitled to a judgment in any amount whatsoever.

**Count XIII**
**(Negligence)**

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count XIII of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

**Count XIV**
**(Premises Liability)**

1-11.    This defendant makes no answer to paragraphs 1 through 11 of Count XIV of the plaintiff's complaint at law, as said allegations are not directed to this defendant. Should such allegations be found to be directed to this defendant, they are denied.

Respectfully submitted,

ADAMS SWATEK, L.L.C.

By:    _____
             Martha Swatek

ADAMS SWATEK, L.L.C.
Martha Swatek
Donna M. Bucko
1250 Executive Place, Suite 201
Geneva, Illinois 60134
(630) 232-6440
Att. No. 41617

5

STATE OF ILLINOIS   )
                 ) SS
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

BRUCE ROGERS,              )
                         )
     Plaintiff,         )
                         )
   vs.               )     No.    06 L 005376
                         )             Calendar C
                         )
ROTHBART PROPERTIES; PRECISION   )
LABORATORIES, INC.; ROTHBART REALTY  )
COMPANY; 977 NORTHPOINT VENTURES,  )
L.L.C., a/k/a 977 NORTHPOINT VENTURES  )
FUND; SLJ PROPERTIES, L.L.C; ROTHBART  )
CONSTRUCTION COMPANY, INC.; and   )
ROTHBART CONSTRUCTION COMPANY, INC. )
a/k/a ROTHBART CONSTRUCTION REALTY,  )
                         )
     Defendants.       )

Martha Swatek, being first duly sworn on oath, deposes and states that she is one of the attorneys for defendant, Rothbart Construction Company, Inc., herein and that those paragraphs herein alleging insufficient knowledge to form a belief are true and not interposed for the purpose of delay.

_(signature)_
Martha Swatek

SUBSCRIBED AND SWORN to before me
this 28th day of August 2006.

_(signature)_
Notary Public

> **"OFFICIAL SEAL"**
> EILEEN M. IMGRUND
> Notary Public, State of Illinois
> My Commission Expires 06/21/08

ADAMS SWATEK, L.L.C.
Martha Swatek
Donna M. Bucko
1250 Executive Place, Suite 201
Geneva, Illinois 60134
(630) 232-6440
Att. No. 41617

# EXHIBIT 2

# THIRD-PARTY COMPLAINT

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

BRUCE ROGERS,                                    )
                                                 )
                Plaintiff,                       )
                                                 )
        vs.                                      )
                                                 )
                                                 )
ROTHBART PROPERTIES; PRECISION                   )
LABORATORIES, INC.; **ROTHBART REALTY**          )
**COMPANY**; 977 NORTHPOINT VENTURES,            )
L.L.C., a/k/a 977 NORTHPOINT VENTURES            )
FUND; SLJ PROPERTIES, L.L.C; **ROTHBART**        )
**CONSTRUCTION COMPANY, INC.**; and              )
ROTHBART CONSTRUCTION COMPANY, INC.              )
a/k/a ROTHBART CONSTRUCTION REALTY,              )
                                                 )
                Defendants.                      )
_____         )
**ROTHBART CONSTRUCTION COMPANY, INC.**          )
                                                 )
                                                 )
                Third-Party Plaintiff,           )
                                                 )
        vs.                                      )
                                                 )
                                                 )
SWIFT TRANSPORTATION COMPANY, INC.               )
                                                 )
                Third-Party Defendant.           )

No.    06 L 005376
Calendar C

### THIRD-PARTY COMPLAINT

NOW COMES the defendant/third-party plaintiff, **ROTHBART CONSTRUCTION COMPANY, INC.**, by and through its attorneys, ADAMS SWATEK, LLC, and for its third-party complaint against SWIFT TRANSPORTATION COMPANY, INC., states as follows:



1. The plaintiff, Bruce Rogers, has filed a complaint at law against the defendants/third-party plaintiffs, attached hereto as Exhibit A.

2. The defendant/third-party plaintiff, Rothbart Construction Company, Inc., has filed an answer to the aforesaid complaint denying all material allegations, attached hereto as Exhibit B. This defendant/third-party plaintiff continues to deny the allegations of plaintiff's complaint and make this pleading in the alternative.

3. Plaintiff's complaint alleges an injury as a result of plaintiff making a delivery to the premises referenced in plaintiff's complaint.

4. That upon information and belief, Swift Transportation Company, Inc. was the employer of Bruce Rogers on the date of this incident, on or about June 25, 2004.

5. That upon information and belief, plaintiff was working under the direction, supervision and control of his employer at the time stated in plaintiff's complaint on the date of the occurrence.

6. That at all relevant times, Swift Transportation Company, Inc. was under a duty to conduct its affairs so as to not cause injury to the plaintiff and others similarly situated.

7. Notwithstanding said duties, Swift Transportation Company, Inc. was guilty of one or more of the following act and/or omissions:

   (a) Carelessly and negligently trained its employees, including Bruce Rogers, in delivery site safety issues;

   (b) Carelessly and negligently failed to warn its employees, including the plaintiff, of unsafe conditions;

   (c) Failed to properly supervise the work of its employees;

   (d) Carelessly and negligently trained its employees in the policies and procedures of making deliveries;

   (e) Failed to train its employees about proper footwear;

(f)    Failed to supply its employees with proper footwear; and

(g)    Was otherwise careless and/or negligent.

8.    If plaintiff was injured or damaged as alleged in his complaint, it was due to one or more of the foregoing negligent acts and/or omissions of Swift Transportation Company, Inc. and it was a sole proximate cause of the occurrence and injuries alleged in the aforesaid complaint.

9.    If this defendant/third-party plaintiff is found liable to plaintiff pursuant to this complaint, which liability has been and continues to be specifically denied, then this defendant/third-party plaintiff is entitled to contribution from Swift Transportation Company, Inc. in the amount of any such judgment entered against the defendant/third-party plaintiff in excess of their *pro rata* share of liability pursuant to the Joint Tortfeasor Contribution Act.

WHEREFORE, defendant/third-party plaintiff, **ROTHBART CONSTRUCTION COMPANY, INC.**, prays that if Bruce Rogers recovers judgment against it, then judgment be entered against Swift Transportation Company, Inc. in an amount, by way of contribution, commensurate with the relative degree of fault of Swift Transportation Company, Inc. plus costs.

Respectfully submitted,

ADAMS SWATEK, L.L.C.

By:    _____
           Steven M. Tefft

ADAMS SWATEK, LLC
Steven M. Tefft
Donna M. Bucko
22 West State Street
Geneva, Illinois 60134
(630) 232-6440
Att. No. 41617

3

# EXHIBIT 3

# SERVICE OF PROCESS

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/10/2008
CT Log Number 512965662

**TO:**    Patricia Irving
Swift Transportation Co., Inc.
2200 S. 75th Ave.
Phoenix, AZ 85043-

**RE:**    **Process Served in Illinois**

**FOR:**   SWIFT TRANSPORTATION COMPANY, INC. (Former Name) (Domestic State: AZ)
Swift Transportation Co., Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bruce Rogers, Pltf. vs. Rothbart Properties, et al., Dfts., Rothbart Construction Company, Inc., Third Party Pltf. vs. Swift Transportation Company, Inc., Third-Party Dft. |
| **DOCUMENT(S) SERVED:** | Summons (2 sets), Third-Party Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL<br>Case # 06 L 005376 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - Slip/Trip or Fall - 06/25/04 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/10/2008 at 12:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Steven M. Teft<br>Adams Swatek, LLC<br>22 West State Street<br>Geneva, IL 60134<br>630-232-6440 |
| **ACTION ITEMS:** | Telephone, Patricia Irving , 602-477-7191<br>01/10/08 at 13:23 - L/M<br>SOP Papers with Transmittal, via  Fed Ex 2 Day , 790913945826<br>Email Notification, Patricia Irving patricia_irving@swifttrans.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |



EXHIBIT
3

Page 1 of  1 / LV

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# EXHIBIT 4

## Illinois Secretary of State
## Corporation File Detail Report



## CORPORATION FILE DETAIL REPORT

| Entity Name | SWIFT TRANSPORTATION COMPANY, INC. | File Number | | 60980829 |
|---|---|---|---|---|
| Status | GOODSTANDING | | | |
| Entity Type | CORPORATION | Type of Corp | | FOREIGN BCA |
| Qualification Date (Foreign) | 04/07/2000 | State | | ARIZONA |
| Agent Name | C T CORPORATION SYSTEM | Agent Change Date | | 10/27/2006 |
| Agent Street Address | 208 SO LASALLE ST, SUITE 814 | President Name & Address | | ROBERT W CUNNINGHAM 2200 S 75TH AVENUE PHOENIS AZ 85043 |
| Agent City | CHICAGO | Secretary Name & Address | | GLYNIS BRYAN SAME |
| Agent Zip | 60604 | Duration Date | | PERPETUAL |
| Annual Report Filing Date | 06/04/2007 | For Year | | 2007 |

**Return to the Search Screen**

**Purchase Certificate of Good Standing**
(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



# EXHIBIT 5

# Illinois Secretary of State
# Corporation File Detail Report

CORP/LLC - CERTIFICATE OF GOOD STANDING

Page 1 of 1



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## LLC FILE DETAIL REPORT

| Entity Name | 977 NORTHPOINT VENTURE, L.L.C. | File Number | 00147745 |
|---|---|---|---|
| Status | GOODSTANDING | On | 11/06/2007 |
| Entity Type | LLC | Type of LLC | Domestic |
| File Date | 11/10/1997 | Jurisdiction | IL |
| Agent Name | MARC Z. SAMOTNY | Agent Change Date | 01/30/2008 |
| Agent Street Address | 150 S WACKER DR, STE 1500 | Principal Office | 1945 TECHNY ROAD UNIT 6 NORTHBROOK 60062 |
| Agent City | CHICAGO | Management Type | MGR |
| Agent Zip | 60606 | Dissolution Date | 12/31/2047 |
| Annual Report Filing Date | 11/06/2007 | For Year | 2007 |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

Return to the Search Screen

Purchase Certificate of Good Standing

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT
5

# EXHIBIT 6

# Illinois Secretary of State
# Corporation File Detail Report

CORP/LLC - CERTIFICATE OF GOOD STANDING                                                                  Page 1 of 1



SERVICES       PROGRAMS       PRESS       PUBLICATIONS       DEPARTMENTS       CONTACT

## CORPORATION FILE DETAIL REPORT

| Entity Name | PRECISION LABORATORIES, INC. | File Number | 42114618 |
|---|---|---|---|
| Status | GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 06/08/1962 | State | ILLINOIS |
| Agent Name | STEPHEN N ENGBERG | Agent Change Date | 09/24/2002 |
| Agent Street Address | ONE NORTH LASALLE ST STE 1450 | President Name & Address | RICHARD L WOHLNER 1429 S SHIELDS WAUKEGAN 60085 |
| Agent City | CHICAGO | Secretary Name & Address | TERRY CULP SAME |
| Agent Zip | 60602 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 05/10/2007 | For Year | 2007 |
| Assumed Name | INACTIVE - RIGHT-WAY PRODUCTS COMPANY | | |

**Return to the Search Screen**

        Purchase Certificate of Good Standing

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT
6

# EXHIBIT 7

# Illinois Secretary of State
# Corporation File Detail Report

CORP/... - CERTIFICATE OF GOOD STANDING                                     Page 1 of 1



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## CORPORATION FILE DETAIL REPORT

| Entity Name | ROTHBART CONSTRUCTION COMPANY, INC. | File Number | 49460341 |
|---|---|---|---|
| Status | GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 02/26/1969 | State | ILLINOIS |
| Agent Name | JOSEPH ASH | Agent Change Date | 00/00/0000 |
| Agent Street Address | 77 WEST WASHINGTON SUITE 1211 | President Name & Address | MICHAEL ROTHBART 1935 TECHNY RD NORTHBROOK 60062 |
| Agent City | CHICAGO | Secretary Name & Address | GARY B ROTHBART 1935 TECHNY RD NORTHBROOK 60062 |
| Agent Zip | 60602 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 01/25/2008 | For Year | 2008 |
| Assumed Name | ACTIVE - ROTHBART CONSTRUCTION REALTY | | |

**Return to the Search Screen**

Purchase Certificate of Good Standing

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT
7

# EXHIBIT 8

# Illinois Secretary of State
# Corporation File Detail Report

CORP/LLC - CERTIFICATE OF GOOD STANDING

Page 1 of 1



SERVICES     PROGRAMS     PRESS     PUBLICATIONS     DEPARTMENTS     CONTACT

JESSE WHITE
SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| Entity Name | ROTHBART REALTY COMPANY | File Number | 51432479 |
|---|---|---|---|
| Status | GOODSTANDING | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 04/26/1978 | State | ILLINOIS |
| Agent Name | GARY B ROTHBART | Agent Change Date | 06/17/1999 |
| Agent Street Address | 1945 TECHNY ROAD #16 | President Name & Address | GARY G ROTHBART 1945 TECHNY ROAD #6 NORTHBROOK 60062 |
| Agent City | NORTHBROOK | Secretary Name & Address | MICHAEL B ROTHBART SAME |
| Agent Zip | 60062 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 02/23/2007 | For Year | 2007 |
| Assumed Name | ACTIVE - ROTHBART | | |

**Return to the Search Screen**        Purchase Certificate of Good Standing

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



# EXHIBIT 9

# Illinois Secretary of State
# Corporation File Detail Report



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## CORP/LLC - CERTIFICATE OF GOOD STANDING

**Your search for Rothbart Properties, did not match any records in the Corporation/LLC-GS Search database.**

**Please try again.**

Return to Search

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



# EXHIBIT 10

# Illinois Secretary of State
# Corporation File Detail Report

CORP/LLC - CERTIFICATE OF GOOD STANDING

Page 1 of 1



SERVICES    PROGRAMS    PRESS    PUBLICATIONS    DEPARTMENTS    CONTACT

## LLC FILE DETAIL REPORT

| Entity Name | SLJ PROPERTIES, L.L.C. | File Number | 00024147 |
|---|---|---|---|
| Status | GOODSTANDING | On | 01/15/2008 |
| Entity Type | LLC | Type of LLC | Domestic |
| File Date | 02/09/1995 | Jurisdiction | IL |
| Agent Name | GARY B ROTHBART | Agent Change Date | 05/03/1999 |
| Agent Street Address | 1945 TECHNY RD STE 6 | Principal Office | 1945 TECHNY RD STE 6 NORTHBROOK 60062 |
| Agent City | NORTHBROOK | Management Type | MGR |
| Agent Zip | 60062 | Dissolution Date | 12/31/2034 |
| Annual Report Filing Date | 01/15/2008 | For Year | 2008 |
| Series Name | NOT AUTHORIZED TO ESTABLISH SERIES | | |

**Return to the Search Screen**

```
Purchase Certificate of Good Standing
```

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT
10

# EXHIBIT 11

## February 6, 2008 Correspondence

# Send Result Report

**⬢ KYOCERA**

MFP
KM-4050
Firmware Version  2GR_2000.013.009  2007.09.03

| | | | | | |
|---|---|---|---|---|---|
| **Job No.** | : 025988 | **Total Time** | : 0°03'22" | **Page** | : 003 |

# Completed

**Document :**   doc20080206113118

---

*cassidayschade* LLP

CASSIDAY SCHADE LLP CHICAGO
20 NORTH WACKER DRIVE, SUITE 1040 · CHIC
OFFICE 312 641 3100 · FAX 312 444 1669 · CASS

## FAX TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **DATE:** 2/6/08 | | **TIME:** 11:00 am | |
| **REQUESTED BY:** MWM | | **EXT.** 2551 | |
| **FILE/CLIENT #:** 31175 | | **FLOOR:** 10 th | |
| **PLEASE FAX BY:** 11:30 am | | | |

### NUMBER OF PAGES (Including this sheet):

The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone at (312) 641-3100 to arrange for the return of the original documents to us. Thank you!

3

**FROM:** MATTHEW W. MILLER

**TO:**

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|---|---|---|---|---|---|---|
| 001 | 02/06/2008 11:31 | 13125587773 | 0°00'56" | FAX | OK | 200x200 Fine / On |
| 002 | 02/06/2008 11:33 | 18009210755 | 0°01'04" | FAX | OK | 200x200 Fine / On |
| 003 | 02/06/2008 11:34 | 13123328451 | 0°00'28" | FAX | OK | 200x200 Fine / On |
| 004 | 02/06/2008 11:36 | 16302326450 | 0°00'54" | FAX | OK | 200x200 Fine / On |



EXHIBIT
11

cassidayschade LLP

CASSIDAY SCHADE LLP CHICAGO
20 NORTH WACKER DRIVE, SUITE 1040   CHICAGO, ILLINOIS 60606

February 6, 2008

WRITER'S DIRECT DIAL (312) 469-5130

*Via Facsimile (312) 558-7773*
Cutler & Hull
70 W. Madison, Ste. 3750
Chicago, IL 60602

Re:     Our File No.        31175/JAF/MWM/13442
        Insured:            Swift Transportation Corporation
        Claimant:           Bruce Rodgers
        D/A:                June 25, 2004

Dear Counsel:

Please be advised that this correspondence has been sent to memorialize a conversation I had with Steve Tefft of Adams Swatek, LLC regarding the above captioned matter on February 5, 2008. During said conversation, Mr. Tefft informed me based on the discovery tendered thus far Plaintiff's relevant medical bills are in excess of $45,000.00 and that Plaintiff is claiming a loss of trade as a result of the occurrence at issue. As such, this letter will confirm that you intend to ask for damages in excess of $75,000.00 based on Plaintiff's current medical specials and lost wages. In light of the aforementioned information as well as the citizenship of the parties, note that we intend to file a petition to remove this matter to Federal Court. This petition will be forthcoming in the coming days.

Should you wish to discuss this matter, please do not hesitate to contact the undersigned.

Sincerely,

Cassiday Schade LLP

Matthew W. Miller

MWM
7084359 MMILLER

cc:     *Via Facsimile (800) 921-0755*
        Law Office of Steven J. Haszto
        225 W. Washington, Ste. 1400
        Chicago, IL 60606

ATTORNEYS AT LAW          CHICAGO          LIBERTYVILLE          NAPERVILLE          ROCKFORD

*Via Facsimile (312) 332-8451*
Cray Huber
303 W. Madison, Ste. 2206
Chicago, IL 60606

*Via Facsimile (630) 232-6450*
Adams Swatek, LLC
22 W. State St.
Geneva, IL 60134

**Exhibit 12**

**Original Petition for Removal filed on February 7, 2008**

31775/13442/JAF/MWM

ARDC # 6280632

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BRUCE ROGERS,                                )
                                             )
      Plaintiff,                       )
                                             )
      v.                               )
                                             )
ROTHBART PROPERTIES, PRECISION               )
LABORATORIES, INC., ROTHBART                 )
REALTY COMPANY, 977 NORTHPOINT               )
VENTURES, LLC a/k/a 977 NORTHPOINT           )
VENTURES FUND, SLJ PROPERTIES, L.L.C.        )
ROTHBART CONSTRUCTION COMPANY                )
and ROTHBART CONSTRUCTION COMPANY,           )
INC. a/k/a ROTHBART CONSTRUCTION             )
REALTY,                                      )
                                             )
      Defendants.                      )
                                             )
———————————————————                          )
                                             )
ROTHBART CONSTRUCTION COMPANY,               )
INC.                                         )
                                             )
      Third-Party Plaintiff,           )
                                             )
      v.                               )
                                             )
SWIFT TRANSPORTATION COMPANY, INC.           )
                                             )
      Third-Party Defendant.           )

OSC 0822

Judge JUDGE GOTTSCHALL

Magistrate Judge _____

Case No. _____

MAGISTRATE JUDGE DENLOW

RECEIVED

FEB 07 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## PETITION FOR REMOVAL

    NOW COMES Third-Party Defendant, SWIFT TRANSPORTATION COMPANY, INC.,

by its attorneys, CASSIDAY SCHADE LLP, in the above entitled cause, seeking removal to this

court and in support thereof, states as follows:

1.      This action was commenced in the Circuit Court of Cook County, Illinois, on May 23, 2006. (See Copy of Plaintiff's *Complaint at Law* attached hereto as Exhibit "1").

2.      Defendant, ROTHBART CONSTRUCTION COMPANY, filed a Third-Party Complaint against SWIFT TRANSPORTATION COMPANY on January 3, 2008. A copy of the Third-Party Complaint was served on the petitioner on January 10, 2008. (See Copy of Third-Party Plaintiff's *Third-Party Complaint* and *Service of Process Transmittal* attached hereto as Exhibits "2" and "3" respectively). This notice is filed within thirty (30) days after service of the Third-Party Complaint on SWIFT TRANSPORTATION COMPANY

3.      At the time the action was commenced, and since then, SWIFT TRANSPORTATION COMPANY, INC., was and is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Arizona.  (See Illinois Secretary of State Corporation File Detail Report attached hereto as Exhibit "4").

4.      Upon information and belief, at the time the action was commenced, and since then, Defendant, 977 NORTHPOINT VENTURES L.L.C. was a resident of the State of Illinois. (See Illinois Secretary of State Corporation File Detail Report attached hereto as Exhibit "5")

5.      Upon information and belief, at the time the action was commenced, and since then, Defendant, PRECISION LABORATORIES was a resident of the State of Illinois. (See Illinois Secretary of State Corporation File Detail Report attached hereto as Exhibit "6")

6.      Upon information and belief, at the time the action was commenced, and since then, Defendant, ROTHBART CONSTRUCTION COMPANY, INC. was a resident of the State of Illinois. (See Illinois Secretary of State Corporation File Detail Report attached hereto as Exhibit "7")

7.    Upon information and belief, at the time the action was commenced, and since then, Defendant, ROTHBART REALTY COMPANY was a resident of the State of Illinois. (See Illinois Secretary of State Corporation File Detail Report attached hereto as Exhibit "8")

8.    Upon information and belief, at the time the action was commenced, and since then, Defendant, ROTHBART PROPERTIES was a resident of the State of Illinois. This information is based on the ownership of the other "ROTHBART" entities as the Illinois Secretary of State does not have a listing for ROTHBART PROPERTIES. (See Illinois Secretary of State Corporation File Detail Report attached hereto as Exhibit "9"; See also generally Exhibits "7" and "8" respectively)

9.    Upon information and belief, at the time the action was commenced, and since then, Defendant, SLJ PROPERTIES, L.L.C was a resident of the State of Illinois. (See Illinois Secretary of State Corporation File Detail Report attached hereto as Exhibit "10")

10.    The Plaintiff was and is a citizen of the State of New Mexico. (See Paragraph 4 of Plaintiff's *Complaint at Law* previously attached hereto as Exhibit "1")

11.    The amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interests and costs, as appears from the nature of the Plaintiff's *Complaint at Law*, a copy of which is attached to and incorporated by reference in this notice. (See the February 6, 2008 correspondence attached hereto as Exhibit "11"; See also generally Exhibit "1")

13.    This action is a civil one in which the United States District Courts have original jurisdiction under 28 USC 1332.

14.    Defendant attached to the original notice copies of all process, pleadings and orders that have been served on it.

WHEREFORE, the Defendant prays that this cause be removed to the United States District Court for the Northern District of Illinois.

- 3 -

Respectfully Submitted,

CASSIDAY SCHADE, LLP

By: _____
Attorneys for SWIFT TRANSPORTATION
COMPANY, INC.

James A. Foster
Matthew W. Miller
Cassiday Schade, LLP
20 North Wacker Drive, Ste. 1040
Chicago, IL 60606
312.641.3100
7084523 MMILLER

- 4 -