31775/13442/JAF/EVB

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 822 |
| | ) | |
| ROTHBART PROPERTIES, et al., | ) | Honorable Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

**SWIFT TRANSPORTATION COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSE TO THIRD PARTY COMPLAINT
ISSUED BY ROTHBART REALTY COMPANY, 977,
NORTHPOINT VENTURES, LLC and SLJ PROPERTIES, LLC**

Third-Party Defendant, SWIFT TRANSPORTATION COMPANY, INC., by and through its attorneys, CASSIDAY SCHADE LLP, and in answer to third-party plaintiff's complaint for contribution, states as follows:

1.    Plaintiff, BRUCE ROGERS has filed a Complaint at Law alleging that on or about June 25, 2004, Plaintiff slipped and fell on an unnatural accumulation of water, debris, dirt, and growths located on Defendants' premises.  (See Plaintiff's Complaint at Law, attached hereto as Exhibit A).

**ANSWER:    This third-party defendant admits that Plaintiff has filed a complaint a law, the terms of which speak for themselves.**

2.    That Plaintiff alleges that Defendants ROTHBART, NORTHPOINT and SLJ were negligent and contributed to Plaintiff's injuries.  (See Exhibit A).

**ANSWER:    This third-party defendant admits that Plaintiff has filed a complaint a law with specific allegations against certain defendants, the terms of which speak for themselves.**

3.    Defendants have denied all material allegations contained in Plaintiffs' Complaint at Law, and have filed Affirmative Defenses thereto.  (See Defendants' Answers to Plaintiff's Complaint at Law, attached hereto as Exhibit B.  See also Defendants' Affirmative Defenses, attached hereto as Exhibit C).

**ANSWER:    This third-party defendant admits that certain defendants have filed answers to Plaintiff's Complaint at Law, the terms of which speak for themselves.**

4.    That SWIFT TRANSPORTATION COMPANY employed BRUCE ROGERS at the time of the alleged incident.

**ANSWER:    This third-party defendant admits the allegations in paragraph 4.**

5.    That SWIFT TRANSPORTATION COMPANY had a duty to properly train and supervise BRUCE ROGERS and ensure safe working conditions.

**ANSWER:    This third-party defendant acknowledges only those duties imposed upon it by law, denies that the third-party plaintiffs have properly characterized those duties in Paragraph 5, and denies that it breached any duty owed by it to Plaintiff. Further answering, this third-party defendant denies the remaining allegations in Paragraph 5.**

6.    If Plaintiff proves his allegations against Defendants, ROTHBART, NORTHPOINT, and SLJ, which Defendants, ROTHBART, NORTHPOINT, and SLJ, continue to deny and demand strict proof thereof, then SWIFT TRANSPORTATION COMPANY was guilty of the following careless and negligent conduct:

    a.      Failed to properly train BRUCE ROGERS in his job duties.

    b.      Failed to properly supervise BRUCE ROGERS in his job duties.

    c.      Failed to provide a safe place in which tow ork.

    d.      Failed to properly warn BRUCE ROGERS of unsafe conditions;

    e.      Failed to properly train its employees in the policies and procedures of making deliveries;

    f.      Failed to train its employees about proper footwear;

    g.      Failed to properly supervise its employees about proper footwear;

    h.      Was otherwise careless and/or negligent.

**ANSWER:**    **This third-party defendant denies the allegations in Paragraph 6, including but not limited to the allegations set forth in subparagraphs (a) – (h), inclusive.**

7.    If Plaintiff proves the allegations in his Complaint against Defendants, which Defendants continue to deny, then SWIFT TRANSPORTATION COMPANY owes Defendants contribution pursuant to Chapter 70, Section 302 and 740 ILCS 100-0.01 et seq. of the Illinois Revised Statutes in a proportional amount of its liability.

**ANSWER:**    **This third-party defendant acknowledges the existence of the statute referenced in Paragraph 7, but denies its applicability to third-party plaintiffs' claims against third-part defendant, and denies that third-party plaintiffs are entitled to contribution from this third-party defendant in any amount whatsoever.**

WHEREFORE, third-party defendant Swift Transportation Company denies that third-party plaintiffs are entitled to judgment against it in any amount whatsoever, and prays for judgment in its favor with its costs taxed to third-party plaintiffs.

-3-

## **FIRST AFFIRMATIVE DEFENSE**

1.     Plaintiff was employed by SWIFT TRANSPORTATION COMPANY at the time of his accident on June 25, 2004.

2.     Pursuant to the Workers' Compensation Act, SWIFT TRANSPORTATION COMPANY has paid substantial benefits to or on behalf of the plaintiff for the injuries the decedent sustained on June 25, 2004.

3.     Pursuant to Illinois law, the potential liability of SWIFT TRANSPORTATION COMPANY as a third-party defendant in this litigation is limited to the sum it has paid or will pay to the plaintiff under the Workers' Compensation Act.

WHEREFORE, Third-Party Defendant SWIFT TRANSPORTATION COMPANY prays for judgment in its favor and against the third-party plaintiffs, with its costs taxes to third-party plaintiffs.

Respectfully submitted,

CASSIDAY SCHADE LLP


By:  s/Ehren V. Bilshausen
          ATTORNEYS      FOR      SWIFT
          TRANSPORTATION COMPANY

Ehren V. Bilshausen
ARDC # 6177138
CASSIDAY SCHADE LLP
20 North Wacker Drive
Suite 1040
Chicago, IL 60606
(312) 641-3100

7114113 EBILSHAU;PSANDERS

-4-