31775/13442/JAF/EVB

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 822 |
| | ) | |
| ROTHBART PROPERTIES, et al., | ) | Honorable Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

**SWIFT TRANSPORTATION COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO THIRD PARTY COMPLAINT
ISSUED BY ROTHBART CONSTRUCTION COMPANY, INC.**

Third-Party Defendant, SWIFT TRANSPORTATION COMPANY, INC., by and through its attorneys, CASSIDAY SCHADE LLP, and in answer to third-party plaintiff's complaint for contribution, states as follows:

1. The plaintiff, Bruce Rogers, has filed a complaint at law against the defendants/third-party plaintiffs, attached hereto as Exhibit A.

**ANSWER:** **This third-party defendant admits that Plaintiff has filed a complaint at law, the terms of which speak for themselves.**

2. The defendant/third-party plaintiff, Rothbart Construction Company, Inc., has filed an answer to the aforesaid complaint denying all material allegations, attached hereto as Exhibit B. This defendant/third-party plaintiff continues to deny the allegations of plaintiff's complaint and make this pleading in the alternative.

**ANSWER:** **This third-party defendant admits that certain defendants have filed answers to Plaintiff's Complaint at Law, the terms of which speak for themselves.**

3. Plaintiff's complaint alleges an injury as a result of plaintiff making a delivery to the premises referenced in plaintiff's complaint.

**ANSWER:     This third-party defendant admits that Plaintiff has filed a complaint at law with specific allegations against certain defendants, the terms of which speak for themselves.**

4. That upon information and belief, Swift Transportation Company, Inc. was the employer of Bruce Rogers on the date of this incident, on or about June 25, 20004.

**ANSWER:     This third-party defendant admits the allegations in paragraph 4.**

5. That upon information and belief, plaintiff was working under the direction, supervision and control of his employer at the time stated in plaintiff's complaint on the date of the occurrence.

**ANSWER:     This third-party defendant admits that he was working for his employer on the date referenced in Plaintiff's complaint at law.  Further answering, this third-party defendant denies the remaining allegations set forth in paragraph 5.**

6. That at all relevant times, Swift Transportation Company, Inc. was under a duty to conduct its affairs so as to not cause injury to the plaintiff and others similarly situated.

**ANSWER:     This third-party defendant acknowledges only those duties imposed upon it by law, denies that the third-party plaintiff has properly characterized those duties in Paragraph 6, and denies that it breached any duty owed by it to plaintiff.  Further answering, this third-party defendant denies the remaining allegations in Paragraph 6.**

7. Notwithstanding said duties, Swift Transportation Company, Inc. was guilty of one or more of the following acts and/or omissions:

(a)  Carelessly and negligently trained its employees, including Bruce Rogers, in delivery site safety issues;

(b)  Carelessly and negligently failed to warn its employees, including the plaintiff, of unsafe conditions;

(c)  Failed to properly supervise the work of its employees;

(d)  Carelessly and negligently trained its employees in the policies and procedures of making deliveries;

(e)  Failed to train its employees about proper footwear;

(f)  Failed to supply its employees with proper footwear; and

(g)  Was otherwise careless and/or negligent.

**ANSWER:    This third-party defendant denies the allegations in Paragraph 7, including but not limited to the allegations set forth in the subparagraphs (a) – (g), inclusive.**

8.  If plaintiff was injured or damaged as alleged in his complaint, it was due to one or more of the foregoing negligent acts and/or omissions of Swift Transportation Company, Inc. and it was a sole proximate cause of the occurrence and injuries alleged in the aforesaid complaint.

**ANSWER:    This third-party defendant denies the allegations set forth in paragraph 8.**

9.  If this defendant/third-party plaintiff is found liable to plaintiff pursuant to this complaint, which liability has been and continues to be specifically denied, from this defendant/third-party plaintiff is entitled to contribution from Swift Transportation Company, Inc. in the amount of any such judgment entered against the defendant/third-party plaintiff in excess of their *pro rata* share of liability pursuant to the Joint Tortfeasor Contribution Act.

**ANSWER:    This third-party defendant acknowledges the existence of the statute referenced in Paragraph 9, but denies its applicability to third-party plaintiff's claims against this third-**

**party defendant, and denies that third-party plaintiff is entitled to contribution from this third-party defendant in any amount whatsoever.**

WHEREFORE, third-party defendant Swift Transportation Company, denies that third-party plaintiff is entitled to judgment against it in any amount whatsoever, and prays for judgment in its favor with its costs taxed to third-party plaintiff.

### FIRST AFFIRMATIVE DEFENSE

1.   Plaintiff was employed by SWIFT TRANSPORTATION COMPANY at the time of his accident on June 25, 2004.

2.   Pursuant to the Workers' Compensation Act, SWIFT TRANSPORTATION COMPANY has paid substantial benefits to or on behalf of the plaintiff for the injuries the decedent sustained on June 25, 2004.

3.   Pursuant to Illinois law, the potential liability of SWIFT TRANSPORTATION COMPANY as a third-party defendant in this litigation is limited to the sum it has paid or will pay to the plaintiff under the Workers' Compensation Act.

WHEREFORE, Third-Party Defendant SWIFT TRANSPORTATION COMPANY prays for judgment in its favor and against the third-party plaintiff, with its costs taxes to third-party plaintiff.

                Respectfully submitted,

                CASSIDAY SCHADE LLP

                By:    s/Ehren V. Bilshausen
                      ATTORNEYS FOR SWIFT TRANSPORTATION COMPANY

Ehren V. Bilshausen
ARDC #: 6277138
CASSIDAY SCHADE LLP
20 North Wacker Drive
Suite 1040
Chicago, IL 60606
(312) 641-3100

7114339 EBILSHAU;PSANDERS