JWP/rm/5/1/08                                                       Attorney No. 6216706

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE ROGERS,<br><br>    Plaintiff,<br><br>vs.<br><br>ROTHBART PROPERTIES, PRECISION LABORATORIES, INC., ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC., a/k/a 977 NORTHPOINT VENTURES FUND, SLJ PROPERTIES, LLC, ROTHBART CONSTRUCTION COMPANY, INC. and ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY,<br><br>    Defendants,<br>-----------------------------------------------------------<br>ROTHBART CONSTRUCTION COMPANY, INC.<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION COMPANY, INC.<br><br>    Third-Party Defendant. | NO. 08 CV 0822 |

## ROTHBART CONSTRUCTION COMPANY, INC.'S
## CROSSCLAIM FOR CONTRIBUTION AGAINST PRECISION LABORATORIES, INC.

NOW COMES the Defendants/Third Party Plaintiffs, ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC. AND SLJ PROPERTIES, LLC. by and through its attorneys, LAW OFFICES OF BRUNO G. PARA and as its Crossclaim for Contribution against PRECISION LABORATORIES, INC., states as follows:

1.      The plaintiff has filed a complaint at law wherein he claims that he was injured and damaged as a result of an alleged slip and fall accident that took place on or about June 25, 2004 at or near the premises located at 959-965 Northpoint Blvd. in Waukegan, Illinois.

1

2. In the plaintiff's complaint he attempts to charge this cross-plaintiff, among others, with certain negligent acts or omissions. This cross-plaintiffs have filed answers to the plaintiff's complaint wherein they has deny the material allegations contained in the plaintiff's complaint and makes this pleading in the alternative.

3. At and around the time alleged in the plaintiff's complaint, cross-defendant Precision Laboratories, Inc. had a duty to the plaintiff to provide a safe area for ingress and egress to their premises and to maintain their premises including areas beyond their demised area in a safe manner.

4. Notwithstanding the duties referenced above, if Plaintiff proves his case against Defendants, which Defendants deny and demand strict proof therefore, then PRECISION was negligent in one or more of the foregoing ways:

(a) Directed invitees, including the plaintiff, to use an alternative door which required persons, including the plaintiff, to traverse over a dangerous area;

(b) Failed to maintain the area outside its entryway in a safe and proper fashion;

(c) Allowed water and/or debris to settle outside its entryway;

(d) Failed to warn delivery persons, including the plaintiff, of the dangerous conditions at or near its entryway;

(e) Failed to provide the plaintiff with a safe entryway;

(f) Failed to maintain sufficient and/or proper warnings of the unsafe conditions at or near the area where the plaintiff alleges that he fell;

(g) Allowed water and other debris to be directed on to the area where delivery persons, including the plaintiff, were expected to walk;

(h) Was otherwise careless or negligent at the time of the alleged occurrence.

5. If the plaintiff was injured or damaged as alleged in his complaint which Defendant's continues to deny and demand strict proof of, it was due to one or more of the foregoing negligent acts or omissions of the cross-defendant Precision Laboratories, Inc.

6. At all relevant times there was an act commonly known as, "An Act in Relationship to Contribution Among Joint Tortfeasors." This cross-plaintiff asserts this action pursuant to said Statute.

7. If the plaintiff obtains a verdict or judgment against this cross-plaintiff then in that event this cross-plaintiff will be entitled to a judgment for contribution against the cross-defendant in an amount commensurate with the degree of fault found attributable to the cross-defendant in causing or contributing to the injuries or damages alleged by the plaintiff.

7. The Court has original jurisdiction over this matter pursuant to 28 USC 1332.

WHEREFORE, Defendants/Third Party Plaintiffs, ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC. AND SLJ PROPERTIES, LLC. by and through its attorneys, by and through its attorneys, LAW OFFICES OF BRUNO G. PARA in the event verdict or judgment is entered in favor of the plaintiff and against it, respectfully requests that this Honorable Court enter a verdict or judgment in its favor and against the cross-defendant, Precision Laboratories, Inc. in proportion to the degree of fault found attributable to the cross-defendant in causing or contributing to the injuries claimed by plaintiff plus costs of suit.

Respectfully submitted,

by:   s/ John W. Potter

LAW OFFICES OF BRUNO G. PARA
225 West Washington Street, Suite 1400
Chicago, IL 60606
(312) 827-2300

3