1750007022

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Gottschall |
| | ) | |
| v. | ) | Magistrate Judge Denlow |
| | ) | |
| ROTHBART PROPERTIES, et al. | ) | Case No. 08 C 0822 |
| | ) | |
| Defendants. | ) | |

**PRECISION LABORATORIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS CROSSCLAIMS**

Cross-Defendant PRECISION LABORATORIES, INC. hereby submits its Memorandum of Law in Support of its Motion to Dismiss Crossclaims Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

**I.   Background**

Plaintiff initially filed his complaint at law in the Circuit Court of Cook County, Illinois, claiming that he was injured and sustained damages as a result of a slip and fall accident on June 25, 2004. One of the original defendants in the case pending in Cook County was cross-defendant PRECISION LABORATORIES, INC. ("Precision"). Upon service of the complaint, Precision filed its Motion for Involuntary Dismissal pursuant to 735 ILCS 5/2-615(a) and 735 ILCS 5/2-619(a)(9) on July 14, 2006. The basis for the motion was that based on plaintiff's complaint, Precision did not owe him a duty of care. Plaintiff was given leave to conduct discovery on the issue prior to briefing Precision's Motion for Involuntary Dismissal. Written discovery was conducted. Additionally, the depositions were taken of Precision's person most knowledgeable, Terry Culp, and co-defendant Rothbart Realty Company's person most

1

knowledgeable, Gary Rothbart. Once written discovery and depositions of party defendants were taken, the motion was briefed and oral arguments were heard by Judge Ronald Davis on May 4, 2007. On that date, Judge Davis entered an order granting Precision's Motion for Involuntary Dismissal. (See Exhibit A attached to the motion.) Plaintiff subsequently filed a motion for reconsideration, which was fully briefed. Judge Davis heard oral arguments on plaintiff's motion for reconsideration on July 12, 2007. Following the arguments, Judge Davis entered an order denying the motion for reconsideration. (See Exhibit B attached to the motion.) The order further indicated that the language of the May 4, 2007 order would stand. To date, plaintiff has not appealed the orders of May 4, 2007 or July 12, 2007.

Precision has learned that this matter was ultimately removed to the United States District Court for the Northern District of Illinois in February 2008. At the time of removal, Precision was not a party to the action. On May 5, 2008, ROTHBART CONSTRUCTION COMPANY, INC., ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC and SLJ PROPERTIES, LLC filed two separate Crossclaims for Contribution against Precision. (See Exhibits D and E, respectively, attached to the motion.) Precision files its motion and supporting memorandum in response to the Crossclaims for Contribution.

## II. ARGUMENT

### 1. The Crossclaims Must Be Dismissed Pursuant to Rule 12(b)(5) as They Have Not Been Properly Served.

Neither crossclaim against Precision complies with Federal Rule of Civil Procedure 4 concerning summons and service. Rule 4(c) requires that a summons be served with a copy of the complaint. Rule 4(h) requires that service on a corporation must be served on an officer, managing or general agent, or authorized agent of the corporation. If crossclaimant requests a waiver of service, it is to serve a request for waiver of service pursuant to Rule 4(d).

In the present matter, the cross-claims of ROTHBART CONSTRUCTION COMPANY, INC., ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC and SLJ PROPERTIES, LLC were not properly served on Precision according to the terms set forth in Rule 4 of the Federal Rules of Civil Procedure. Rather, ROTHBART CONSTRUCTION COMPANY, INC. simply mailed a copy of the Crossclaim for Contribution to Precision's counsel as of the time of the dismissal order—attorney Daniel Cray of the firm formerly known as Iwan Cray, (now Cray Huber), at 303 W. Madison, Suite 2200, Chicago, Illinois 60606. (See the Notice of Filing attached to the motion as Exhibit C.) No summons was included with the Crossclaim for Contribution as required by Rule 4. Additionally, no request for a waiver of service was included with the Crossclaim for Contribution as required by Rule 4.

The Crossclaim for Contribution filed by ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC and SLJ PROPERTIES, LLC has never been served on either Precision or its counsel.

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, the Crossclaims for Contribution filed by ROTHBART CONSTRUCTION COMPANY, INC., ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC and SLJ PROPERTIES, LLC must be stricken for failure to comply with service requirements set forth in the Federal Rules of Civil Procedure.

  **2.**  **The Fact That Precision Owed No Duty to Plaintiff Has Already Been Adjudicated in State Court in Illinois, and Therefore, the Crossclaims Fail to State a Claim Upon Which Relief Can Be Granted.**

The Crossclaims for Contribution seek contribution from Precision based on its "duty" to plaintiff. In Paragraph 3 of ROTHBART CONSTRUCTION COMPANY, INC.'s Crossclaim, it alleges that Precision "had a duty to the plaintiff to provide a safe area for ingress and egress to

3

their premises and to maintain their premises including areas beyond their demised area in a safe manner." (Exhibit C, ¶ 3.) Crossclaimants ROTHBART CONSTRUCTION COMPANY, INC., ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC and SLJ PROPERTIES, LLC make the exact same allegation in paragraph 3 of their Crossclaim for Contribution. (Exhibit D, ¶ 3.)

The decision of Judge Davis in the Law Division of Cook County has already adjudicated this very issue. In fact, in ROTHBART CONSTRUCTION COMPANY, INC., ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC and SLJ PROPERTIES, LLC's Motion to File Amended Crossclaim for Contribution Claim Against Precision Laboratories, Inc. and Correct the Record, the crossclaimants allege that Precision had been dismissed "from the State Court case, but that the parties believe that the order was entered in error." (See Exhibit E, ¶ 4.) Crossclaimants simply are attempting a second bite at the apple and are attempting an end run around a court order dismissing Precision Laboratories, Inc.

WHEREFORE for the foregoing reasons Cross-Defendant PRECISION LABORATORIES, INC. respectfully requests this Court dismiss Crossclaimants' Crossclaims for Contribution Against Precision Laboratories, Inc. pursuant to FRCP 12(b)(5) or pursuant to FRCP 12(b)(6), or convert the motion to a Rule 56 Motion pursuant to FRCP 12(d) or for such other and further relief as this Court deems appropriate.

               Respectfully submitted,

               CRAY HUBER HORSTMAN HEIL
               & VanAUSDAL LLC

          By: _____
             Adam C. Carter
             ARDC # 6274669

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 W. Madison Street
Suite # 2200
Chicago, IL 60606
(312) 332-8450
Attorneys for PRECISION LABORATORIES, INC.