IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE ROGERS,<br><br>      Plaintiff,<br>v.<br><br>ROTHBART PROPERTIES; PRECISION LABORATORIES, INC.; ROTHBART REALTY COMPANY; 977 NORTHPOINT VENTURES, L.L.C., a/k/a 977 NORTHPOINT VENTURES FUND; SLJ PROPERTIES, L.L.C; **ROTHBART CONSTRUCTION COMPANY, INC.;** and ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY,<br><br>      Defendants. | Judge GOTTSCHALL<br><br>Magistrate Judge DENLOW<br><br>Case No. 08 C 0822 |
| **ROTHBART CONSTRUCTION COMPANY, INC.**<br><br>      Third-Party Plaintiff,<br>v.<br><br>SWIFT TRANSPORT COMPANY, INC.<br><br>      Third-Party Defendant. | |
| **ROTHBART CONSTRUCTION COMPANY, INC**<br><br>      Cross-Plaintiff,<br>v.<br><br>PRECISION LABORATORIES, INC.<br><br>      Cross-Defendant. | |

## RESPONSE OF DEFENDANT/CROSS-PLAINTIFF ROTHBART CONSTRUCTION, INC. TO THE MOTION TO DISMISS CROSSCLAIM BY CROSS-DEFENDANT PRECISION LABORATORIES, INC. AND CROSS MOTION

NOW COMES the Defendant/Cross-Plaintiff Rothbard Construction, Inc., by and through its attorneys, Adams Swatek, LLC and as its response to the motion to dismiss its cross complaint filed by Precision Laboratories Inc. and cross motion states as follows:

## I.
## The Court has jurisdiction over all claims and parties.

1. The cross-defendant Precision Laboratories, Inc. argues that since it was dismissed in the state case that there is no jurisdiction over the defendant.

2. A copy of the dismissal order is attached hereto and is made a part hereof as exhibit number 1.

3. The order clearly does not dispose of the entire case nor does it make a finding pursuant to Illinois Supreme Court Rule 304(a).

4. Illinois Supreme Court Rule 304(a) was modeled after and borrowed heavily from Federal Rule of Civil Procedure 54. *Carter v. Chicago Illinois Midland Railway*, 119 Ill.2d 296, 518 N.E.2d 1031 (1988); *Geier v. Hamer Enterprises, Inc.*, 226 Ill.App3d 372, 589 N.E.2d 711 (1st Dist. 1992) (additional citations omitted).

5. Illinois Supreme Court Rule 304(a) provides in part as follows "…In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and all the liabilities of all the parties."

6. Similarly Federal Rule of Civil Procedure 54(b) provides "…Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a final judgment adjudicating all the claims and all the parties rights and liabilities."

Clearly, the court has jurisdiction over all claims and parties since the dismissal order did not make a finding pursuant to Illinois Supreme Court Rule 304(a) and did not adjudicate all claims among all parties so that it is not a final order.

## II.

## The Crossclaim should not be dismissed

7. The Cross-defendant Precision Laboratories, Inc. argues that since there was an adjudication in state court that no duty was owed to the plaintiff from the cross-defendant that the cross-claim for contribution filed by this defendant should be dismissed.

8. The order entered by the judge in the state court case was clearly in error and must in the interest of justice be set aside by this court.

9. Both Illinois Supreme Court Rule 304(a) and Federal Rule of Civil Procedure 54(b) provide that the court has authority to modify any order as justice requires prior to the entry of a final order adjudicating all claims.

10. In *Balciuas v. Duff*, 94 Ill.2d 176, 446 N.E.2d (1983) the Illinois Supreme Court held that a judgment by a prior judge was interlocutory in nature and could be vacated by a subsequent judge. The court did acknowledge the prior ruling should only be vacated after careful consideration but it did hold that the subsequent judge had the authority to vacate a prior order where it was entered in error.

11. The error in the May 4, 2007 order which is attached hereto as exhibit number 1 is readily discernable on the face of the order. The court allowed the dismissal order based on the cross-defendant's motion that it was entitled to a judgment because the accident took place on a common area not within the cross-defendant's demised premises.

12. Illinois has long recognized a duty on the part of a business owner which extends beyond the property line of the defendant. In *McDonald v. Frontier Lanes Inc.*, 1 Ill. App. 3d 345, 272 N.E.2d 369 (1st Dist. 1971), the court specifically held that the lessee bowling alley owed a duty to the injured plaintiff beyond the property line where the bowling alley had a property interest. The court specifically held as follows:

> Included within the rule is a similar duty to provide an invitee with reasonable safe means of ingress and egress, both within the confines of the premises owned or controlled by the inviter (*Geragaghty v. Burr Oak Lanes, Inc.*, 5 Ill. 2d 153, 125 N.E.2d 47; *Jones v. Granite City Steel Company*, 104 Ill. App. 2d 379, 383, 244 N.E.2d 427) and within limitations dictated by the facts of the case, **beyond the precise boundaries of such premises**. (*Cooley v. Makse*, 46 Ill. App. 2d 25, 196 N.E.2d 396**373; *Stedman v. Spiros*, 23 Ill. App. 2d 69, 161 N.E.2d 590; *Thomas v. Douglas*, 1 Ill. App. 2d 261, 117 N.E.2d 417; *Steinberg v. Northern Illinois Telephone Company*, 260 Ill. App. 538; *Mauzy v. Kinvel*, 19 Ill. App. 571.)
> **(Emphasis added).**

13. Clearly, the law in Illinois recognizes that a business owes a duty to a person coming to and from their business that extends beyond the property line. Subsequent to the dismissal in this case at bar the plaintiff gave his deposition which clearly reflects that the cross-defendant Precision Laboratories Inc. owed a duty to the plaintiff.

14. A copy of the plaintiff's deposition is attached hereto and made a part hereof as exhibit number 2.

15. The plaintiff testified as follows:

   a. He was making a delivery to Precision Laboratories, Inc. at the time of the accident (please see page 60 of plaintiff's deposition).

    b. When he approached the door to Precision Laboratories, Inc. there was a sign on the door with an arrow directing delivery persons to use the other door (page 57 of plaintiff's deposition).

    c. He was walking in an area that he had to be in in order to make the delivery and he was taking the shortest possible route from one door to the other when he slipped and fell (see page 61, 62 and 63 of plaintiff's deposition transcript).

    d. The sign and doors belong to Precision Laboratories Inc. (pages 108 and 109 of plaintiff's deposition).

16. The plaintiff's deposition testimony indicates that he was seeking entry into the Precision Laboratories, Inc.'s facility and was directed from one door to another by a Precision Laboratories sign when he fell taking the shortest route between the two doors.

17. Clearly, the entry of the order on May 4, 2007 was in error because it based its decision on the fact that the area where the plaintiff fell was not part of the demised premises of the cross-defendant Precision Laboratories, Inc.

18. While prior orders are to not be set aside without good reason. The Illinois and Federal standard in this regard are similar. *Balciunes v. Duff*, 94 Ill.2d 176, 446 N.E.2d 242 (1983); 20 A.L.R. 13 (1974).

19. It is submitted that in the case at bar the order which was entered and attached hereto as exhibit number 1 was clearly in error. Further, the deposition of the plaintiff which is attached hereto as exhibit number 2 and was conducted after the entry of the order clearly reflects that the cross-defendant owed a duty to the plaintiff even though he was beyond the cross-defendant's demised premises.

## CONCLUSION

The court has jurisdiction over all parties and claims in this matter. The court should exercise its discretion and vacate the order dismissing Precision Laboratories, Inc.'s case on May 4, 2007 and allow this cross-plaintiff's claim to stand. The order was entered in error and this error is evident on its face as the order states that no duty was owed to the plaintiff since the occurrence took place beyond the demised premises. Further, the deposition testimony the plaintiff conducted subsequent to the entry of the order clearly reflects that the cross-defendant owed a duty to the plaintiff.

WHEREFORE, the defendant, cross-plaintiff Rothbart Construction Company, Inc. by and through its attorneys Adams Swatek, LLC, respectfully requests that this Honorable Court vacate the order of May 4, 2007 and allow its cross-complaint for contribution against Precision Laboratories, Inc. to stand.

By: /s/ Steven M. Tefft
Steven M. Tefft (smt@AdamsSwatek.com)
Donna M. Bucko (dmb@AdamsSwatek.com)
Attorneys for Defendants/Third-Party Plaintiff
Rothbart Construction Company, Inc. and
Rothbart Realty Company

ADAMS SWATEK, L.L.C.
22 W. State Street
Geneva, IL 60134
Telephone: (630) 232-6440
Facsimile: (630) 232-6450
ARDC#: 6183917

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on <u>**June 17, 2008**</u>, I electronically filed the foregoing **Response of Defendant/Cross-Plaintiff Rothbart Construction, Inc. to the Motion to Dismiss Crossclaim by Cross-Defendant Precision Laboratories, Inc. and Cross Motion**, with the Clerk of the United States District Court, Northern District of Illinois for the Eastern Division, using the CM/ECF system, that I have served all CM/ECF Registered Participants as reflected on the Notice of Electronic Filing and that I have served all non CM/ECF participants by mailing a copy via first class U.S. Mail, with proper postage prepaid and affixed thereon, on <u>**June 17, 2008**</u>.

By:  /s/ Steven M. Tefft
Steven M. Tefft (smt@AdamsSwatek.com)
Donna M. Bucko (dmb@AdamsSwatek.com)
Attorneys for Defendants/Third-Party Plaintiff
Rothbart Construction Company, Inc. and
Rothbart Realty Company

ADAMS SWATEK, L.L.C.
22 W. State Street
Geneva, IL 60134
Telephone: (630) 232-6440
Facsimile: (630) 232-6450
ARDC#: 6183917