1750007022

Firm I.D. 36699

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

BRUCE ROGERS,

        Plaintiff,

    v.

PRECISION LABORATORIES, INC.;
ROTHBART REALTY COMPANY; 977
NORTHPOINT VENTURES, LLC, a/k/a 977
NORTHPOINT VENTURES FUND; SLJ
PROPERTIES, LTD.; ROTHBART
CONSTRUCTION COMPANY, INC. and
ROTHBART CONSTRUCTION
COMPANY, INC., a/k/a ROTHBART
CONSTRUCTION REALTY,

        Defendants.

No. 06 L 5376

## MOTION FOR INVOLUNTARY DISMISSAL

Defendant Precision Laboratories, Inc., by and through its attorneys, IWAN CRAY HUBER HORSTMAN & VanAUSDAL LLC, moves this Court to grant its Motion for Involuntary Dismissal, pursuant to 735 ILCS 5/2-615(a) and 735 ILCS 5/2-619(a)(9), and, in support, states:

**UNCONTESTED FACTS:**

1.     On May 23, 2006, Plaintiff BRUCE ROGERS filed the instant Complaint ("the Complaint") alleging that Defendant PRECISION LABORATORIES, INC. ("Precision") was negligent in maintaining and/or providing a safe walkway and alleging liability based on premises liability. (*See* Counts III and IV of the Complaint, attached as Exhibit A.)

2.     The Complaint alleges the following pertinent facts:



a. Codefendants ROTHBART PROPERTIES ("Rothbart") and/or 977 NORTHPOINT VENTURE, LLC ("977 Northpoint") owned and/or managed the property located at 959-965 Northpoint Boulevard in Waukegan, Illinois ("the premises") (Ex. A, pg. 1-2, ¶ 1);

b. Precision leased and occupied only a portion of the premises (Ex. A, pg. 2, ¶ 2); and,

c. Codefendant ROTHBART REALTY COMPANY ("Rothbart Realty") managed the premises (Ex. A, pg. 2, ¶ 3).

3. The Complaint further alleges that on June 25, 2004, Plaintiff "was walking on the common and usual area for entering and leaving the Premises when he slipped and fell" and sustained injuries. (Ex. A, pgs. 2-3, ¶ 9.)

4. On July 11, 2003, Precision entered into a lease agreement with 977 Northpoint to lease a certain portion of the premises, with Precision's specific address on the premises being 959 and 965 Northpoint Boulevard. (Lease agreement is attached as Exhibit B.)

5. Per the terms of the lease agreement, 977 Northpoint, as the landlord, was responsible for the common areas of the premises, and Precision, as the tenant, was under a duty **only** to maintain the portion of the premises it leased. (Ex. B, pg. 5-6, ¶¶ 9(A) and 9(B).)

**LAW:**

A motion under §2-615 attacks the legal sufficiency of the complaint. Illinois Graphics Co. v. Nickum, 159 Ill.2d 469, 484-85 (1994); 735 ILCS 5/2-615 (West 2006). A defendant's attack of a complaint for a lack of duty is properly raised in a §2-615(a) motion to dismiss. Lamkin v. Towner, 246 Ill.App.3d 201, 210 (5th Dist. 1993). "Whether a duty exists is a question of law for the courts to decide." Rhodes v. Illinois Central Gulf R.R., 172 Ill.2d 213, 227 (1996).

A motion under 735 ILCS 5/2-619(a)(9) raises affirmative matters negating plaintiff's cause of action completely or refuting crucial conclusions of law or material fact. <u>Illinois Graphics Co.</u>, 159 Ill.2d at 486, 735 ILCS 5/2-619(a)(9) (West 2006).

"Motions with respect to pleadings under Section 2-615, motions for involuntary dismissal or other relied under Section 2-619, and motions for summary judgment under Section 2-1005 may be filed together as a single motion in any combination." 735 ILCS 5/2-619.1 (West 2006).

**ARGUMENT:**

Plaintiff's factual allegations contradict and belie his assertion that Precision owed him a duty to provide a safe area for entering and leaving the premises and/or a duty to maintain the walkway in a safe manner. The Complaint alleges that Codefendants 977 Northpoint, Rothbart and/or Rothbart Realty, and not Precision, owned and/or managed the premises (Ex. A, pgs. 1-2, ¶ 1), that Precision only leased a portion of the premises (Ex. A, pg. 2, ¶ 2) and that Plaintiff's injuries occurred while he was walking on a common area of the premises (Ex. A, pgs. 2-3, ¶ 9). As Precision did not control the area where Plaintiff allegedly fell and injured himself, Precision was under no duty to maintain this common area. Accordingly, Plaintiff's Complaint fails to state a cognizable duty, and, pursuant to 735 ILCS 5/2-615(a), Counts III and IV of the Complaint should be dismissed with prejudice.

> **I.    Plaintiff Fails to Plead a Cognizable Duty in Counts III and IV of His Complaint Against Precision, and, Therefore, These Counts Must be Dismissed Pursuant to 735 ILCS 5/2-615(a).**

The Complaint alleges two causes of action against Precision: (1) negligence and (2) premises liability. In order for Plaintiff to prevail on either cause of action, he must allege and prove that Precision owed him a duty of care, that Precision breached that duty and that the

breach proximately caused his injuries. <u>Petrauskas v. Wexenthaller Realty Management, Inc.</u>, 186 Ill.App.3d 820, 825 (1st Dist. 1989); <u>Rhodes v. Illinois Central Gulf R.R.</u>, 172 Ill.2d at 227. Plaintiff alleges that Precision had a duty "to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition." (Ex. A, pgs. 6, ¶ 7.) However, there is no factual support for this bald legal conclusion.

Plaintiff's pled facts establish that at the relevant time Codefendants "Rothbart or 977 Northpoint or both owned or managed the premises[,]" "Rothbart Realty managed the premises[,]" and that "Precision leased and occupied a portion of the premises." (<u>Id.</u>, pg. 1-2, ¶¶ 1-3.) It has long been the law of Illinois that for a defendant to have a duty under the common law of premises liability that the defendant must possess and control the property where the injury occurred. <u>Esser v. McIntyre</u>, 267 Ill.App.3d 611, 617 (1st Dist. 1994), *see also* <u>Drewick v. Interstate Terminals, Inc.</u>, 42 Ill.2d 345, 350 (1969). Conversely, "[a] defendant does not owe a duty to a plaintiff if the defendant does not control... the land." <u>Godee v. Illinois Youth Soccer Association</u>, 327 Ill.App.3d 695, 699 (2nd Dist. 2002). Plaintiff's pled facts show that Precision did not control the entire premises, but rather only a portion. Thus, under Illinois law, Precision did not have a duty to maintain those areas of the premises that were out of its control.

Plaintiff claims he was injured when walking in the common area for entering and leaving the premises. (<u>Id.</u>, pgs. 2-3, ¶ 9.) Under the "common area" rule, where there are multiple tenants in the same premises, the landlord owes a duty of reasonable care in the management, maintenance and safe upkeep of the common areas. <u>Webster v. Heim</u>, 80 Ill.App.3d 315, 316 (3rd Dist. 1980). Moreover, a landlord owes a duty to maintain the common areas in a reasonably safe condition. <u>Salazar v. Crown Enterprises</u>, 328 Ill.App.3d 735, 742 (1st

Dist. 2002), *citing to* <u>Duncavage v. Allen</u>, 147 Ill.App.3d 88, 96 (1st Dist. 1986); *see also* <u>Hiller</u> <u>v. Harsh</u>, 100 Ill.App.3d 332, 336 (1st Dist. 1981). Finally, it is "the rule, set forth in a number of Illinois cases, that when a portion of the premises is rented and the landlord retains control of other parts of the same passageways for the common use of tenants, he has the duty of exercising reasonable care to keep the premises in a reasonably safe condition, and he is liable for injury which results to person lawfully in such a place from failure to perform such a duty." <u>Meiners v.</u> <u>Moyer</u>, 119 Illl.App.2d 94, 101 (2nd Dist. 1970).

The Complaint states that Plaintiff injured himself while walking on "the walkway and parking lot area of the Premises." (Ex. A, pgs. 2-3, ¶ 9.) Plaintiff also alleged Precision leased only a portion of the premises and that Codefendants owned or managed the premises. Accordingly, Precision did not lease, occupy or otherwise control the entire premises. Under Illinois law, Precision did not have a duty to maintain those areas outside of the portion of the premises that they leased and/or controlled. <u>Esser</u>, 267 Ill.App.3d at 617. Rather, 977 Northpoint, who Plaintiff alleges managed and/or owned the premises, retained control over those common areas. Accordingly, Precision was under no duty to maintain the common areas, including the walkway and/or parking lot where Plaintiff allegedly injured himself, and, thus, cannot be held liable.

On its face, the Complaint alleges facts that contradict Plaintiff's legal conclusion that Precision owed a duty to maintain a safe ingress and egress to the premises. Accordingly, the Complaint fails to state a cognizable, recognizable or actual duty owed to Plaintiff by Precision, and, therefore, the Complaint, on its face, is not properly pled. Pursuant to 735 ILCS 5/2-615(a), Precision's Motion for Involuntary Dismissal should be granted, and Counts III and IV of the Complaint, as a matter of law, should be dismissed with prejudice.

**II.    The Lease Agreement Between Precision and Codefendants Demonstrates That Precision did not Have Control of the Common Area on the Premises; and, Therefore, Counts III and IV of the Complaint Must be Dismissed Pursuant to 735 ILCS 5/2-619(a)(9).**

On July 11, 2003, Precision entered into a lease agreement with 977 Northpoint to lease "premises that are situated in that certain building located at 977 Northpoint Blvd. in Waukegan, Illinois, and TENANT'S address shall be 959 and 965 Northpoint Blvd." (Ex. B, pg. 1) The lease indicates that Precision was the tenant and 977 Northpoint served as the landlord. (Id.) The lease specifically designated the parties' responsibilities and duties regarding maintenance and upkeep of the premises. Under the lease, Precision was not responsible for and had no duty to maintain or upkeep the common areas of the property; rather, the landlord was contractually obligated to fulfill that duty. (Id., pg. 5-6, ¶¶ 9(A) and 9(B).)

Per the lease terms, Precision was responsible for the maintenance of the **leased premises**. (Id., pg. 5-6, ¶ 9(A).) Conversely, 977 Northpoint, as the landlord, was to maintain the exterior of the premises in a good and safe condition. (Id., pg. 6, ¶ 9(B).) Thus, based upon the lease, Precision was not responsible for maintaining the common areas of the premises, including the walkway and parking area.

The Complaint alleges that Precision was under a duty to provide for and maintain a safe area for entering and leaving the premises and a duty to maintain the exterior of the premises in a safe manner. (Id., pg. 6, ¶ 7.) However, Plaintiff's allegation that Precision owed such a duty contradicts Illinois law and the lease agreement, which controlled the actual responsibilities and duties regarding the premises. *See* Strahs v. Tovar's Snowplowing, Inc., 349 Ill.App.3d 634, 641 (1st Dist. 2004) (upholding trial court's granting of directed verdict for defendant business tenants on basis that parking lot where plaintiff fell was owned and managed, per the lease agreement, by a separate entity, and, therefore, though defendant business tenants used parking

lot for their businesses, they had no duty to maintain parking lot), Esser, 267 Ill.App.3d at 617 (holding that possession and control of property is required for defendant to have duty to maintain property). The lease specifically charges the landlord, 977 Northpoint, with the duty to keep and maintain in a safe manner the exterior of the premises, including the area where plaintiff's alleged injuries occurred. (Ex. B, pg. 6, ¶ 9(B).) Accordingly, Precision was under no duty to maintain said area. Thus, having no duty to maintain the common areas, Precision cannot be liable for Plaintiff's alleged injuries sustained in the common areas. On this basis and pursuant to 735 ILCS 5/2-619(a)(9), Precision's motion to dismiss should be granted and Counts III and IV of the Complaint, as a matter of law, must be dismissed with prejudice.

### III.   Conclusion

The Complaint fails to state a cognizable and recognized duty. Plaintiff alleges Precision is liable for his injuries because Precision owed him a duty to maintain a safe walkway, breached that duty and that breach caused his alleged injuries. However, a read of the Complaint and lease show that Precision leased only a portion of the premises, that Precision was not the owner or landlord of the premises, and Precision did not have a duty to maintain the exterior of the premises, including the area where Plaintiff's alleged injuries occurred. Additionally, the lease clearly states that Codefendant 977 Northpoint, and not Precision, was the landlord responsible for maintaining the premises' common areas. Therefore, based on Illinois law and the lease agreement, Precision was under no duty to maintain the common areas and cannot be liable for Plaintiff's alleged injuries sustained in a fall in the common areas. Pursuant to 735 ILCS 5/2-615(a) and 735 ILCS 5/2-619(a)(9), Defendant's Motion for Involuntary Dismissal should be granted and Counts III and IV of the Complaint, as a matter of law, should be dismissed with prejudice.

Wherefore, Defendant Precision Laboratories, Inc., respectfully requests an order granting its Motion for Involuntary Dismissal, pursuant to 735 ILCS 5/2-615(a) and 735 ILCS 5/2-619(a)(9), and dismissing Counts III and IV of the Complaint at Law with prejudice and any other relief this Court deems appropriate.

Respectfully submitted,

Daniel K. Cray, One of the Attorneys for Precision Laboratories, Inc

Daniel K. Cray
Ryan F. FitzSimmons
Iwan Cray Huber Horstman
& VanAusdal LLC
303 W. Madison Street, Suite 2200
Chicago, Illinois 60606
312-332-8450
312-332-8451 (Fax)

Atty. No. 33718

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRUCE ROGERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   06 L 5376 |
| | ) | |
| ROTHBART PROPERTIES; | ) | |
| PRECISION LABORATORIES, INC, | ) | |
| ROTHBART REALTY COMPANY, | ) | |
| 977 NORTHPOINT VENTURES, LLC. | ) | |
| a/k/a 977 NORTHPOINT VENTURES FUND, | ) | |
| SLJ PROPERTIES, LLC, ROTHBART | ) | |
| CONSTRUCTION COMPANY, INC. and | ) | |
| ROTHBART CONSTRUCTION | ) | |
| COMPANY, INC a/k/a ROTHBART | ) | |
| CONSTRUCTION REALTY | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW comes the Plaintiff, BRUCE ROGERS, by and through his attorneys, CUTLER &

HULL, and complains of the Defendants, ROTHBART PROPERTIES (hereinafter "Rothbart")

PRECISION LABORATORIES, INC. (hereinafter "Precision"), ROTHBART REALTY

COMPANY (hereinafter "Rothbart Realty"), 977 NORTHPOINT VENTURES, LLC a/k/a 977

NORTHPOINT VENTURES FUND (hereinafter "977 Northpoint"), SLJ Properties, LLC

(hereinafter "SLJ", Rothbart Constuction Company, Inc (hereinafter "Rothbart Construction"), and

Rothbart Construction Company, Inc a/k/a Rothbart Construction Realty (hereinafter "Rothbart

Construction Realty") as follows:

### COUNT I
(Negligence)

1.    On and before June 25, 2004, Rothbart or 977 Northpoint or both owned or



**EXHIBIT**

**A**

managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    On or before June 25, 2004, Rothbart Realty managed the premises.

4.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

5.    At all times relevant, Defendants Rothbart, Rothbart Realty and 977 Northpoint conducted business in Cook County Illinois.

6.    At all times relevant, Defendant Precision conducted business in Cook County Illinois.

7.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

8.    At the time and place aforesaid, Defendant, ROTHBART, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

9.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an

walkway and parking lot area of the Premises.

10.   At and before the time and place aforesaid, Defendant, ROTHBART, w

negligent in one or more of the following ways:

a.   Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.   Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.   Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.   Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.   Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.   Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.   Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.   Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading

for ingress and egress into Precision to which he was a
lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or
appropriate warnings of the unsafe conditions in and about
the area where Plaintiff fell; and

k.    Defendant was otherwise careless and negligent.

11. Defendant, ROTHBART, knew or should have known of the foregoing dangerous
conditions.

12. As a direct and proximate result of one or more of the aforesaid careless and
negligent acts and /or omissions on the part of the Defendant, ROTHBART, its agents and
employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff
slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his
favor and against the defendants, ROTHBART PROPERTIES, in an amount which this Court
deems just and proper, plus costs.

## COUNT II
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of
Count I of this Complaint, as and for Paragraphs 1 through 8 of Count II.

9.    At and before the time and place aforesaid, Defendant, ROTHBART, was in
violation of the Premises Liability Act, 740 ILCS 130/1. et. seq., in one or more of the following

and its walkways, entrance ways, loading areas, and parking lot ;

b.  Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.  Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.  Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.  Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.  Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.  Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.  Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

10. Defendant, ROTHBART, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT III
### (Negligence)

1-5.    Plaintiffs Bruce Rogers repeats and realleges Paragraphs 1 through 5 of Count I of his complaint as and for paragraphs 1 through 5 of Count III.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, PRECISION, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an

6

unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway area of the premises.

9. At and before the time and place aforesaid, Defendant, PRECISION, was negligent in one or more of the following ways:

a. Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b. Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c. Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d. Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entrances of the Premises;

e. Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entranceways at the Premises to be and remain in disrepair;

f. Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

to develop and remain in and about the walkways, loading areas, parking lot and entranceways of the Premises;

i. Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into PRECISION to which he was a lawful invitee;

j. Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k. Defendant was otherwise careless and negligent.

8. Defendant, PRECISION, knew or should have known of the foregoing dangerous conditions.

9. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, PRECISION, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendant, PRECISION, in an amount which this Court deems just and proper, plus costs.

## COUNT IV
### (Premises Liability)

1-8. Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count III of this Complaint, as and for Paragraphs 1 through 8 of Count IV.

9. At and before the time and place aforesaid, Defendant, PRECISION, was in

following ways:

a. Carelessly and negligently operated, managed, maintained said P and its walkways, entrance ways, loading areas, and parking lot

b. Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c. Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d. Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e. Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g. Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h. Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i. Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

k.      Defendant was otherwise careless and negligent.

10. Defendant, PRECISION, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, PRECISION, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, PRECISION, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

### COUNT V
### (Negligence)

1.      On and before June 25, 2004, ROTHBART REALTY COMPANY owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.      On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.      At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.      At all times relevant, Defendant ROTHBART REALTY COMPANY conducted

Illinois.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, was negligent in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous

drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.  Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.  Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.  Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.  Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.  Defendant was otherwise careless and negligent.

10.  Defendant, ROTHBART REALTY COMPANY, knew or should have known of the foregoing dangerous conditions.

11.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART REALTY COMPANY, its agents and employees, a portion of the Premises was left in a dangerous

12

condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART REALTY COMPANY, in an amount which this Court deems just and proper, plus costs.

## COUNT VI
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphes 1 through 8 of Count V of this Complaint, as and for Paragraphs 1 through 8 of Count IV.

9.    At and before the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

    e.    Carelessly and negligently allowed a drainage pipe and the

f.   Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.   Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.   Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.   Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART REALTY COMPANY, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART REALTY COMPANY, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART REALTY COMPANY, in an amount in excess of

1.    On and before June 25, 2004, 977 NORTHPOINT owned or managed the premises

located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the

premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state

of New Mexico.

4.    At all times relevant, Defendant 977 NORTHPOINT conducted

business in Cook County Illinois.

5.    At all times relevant, Defendant Precision conducted business in Cook County

Illinois.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the

premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, 977 NORTHPOINT,

by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for

entering and leaving the Premises and a duty to maintain the said Premises and its surrounding

area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner

and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the

common and usual area for entering and leaving the Premises when he slipped and fell on an

and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, 977 NORTHPOINT, was negligent in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

16

    i.     Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

    j.     Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

    k.     Defendant was otherwise careless and negligent.

10.    Defendant, 977 NORTHPOINT, knew or should have known of the foregoing dangerous conditions.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, 977 NORTHPOINT, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, 977 NORTHPOINT, in an amount which this Court deems just and proper, plus costs.

## COUNT VIII
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, 977 NORTHPOINT, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

    a.     Carelessly and negligently operated, managed, maintained said Premises

17

and its walkways, entrance ways, loading areas, and parking lot ;

b.   Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.   Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.   Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.   Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.   Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.   Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.   Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

10. Defendant, 977 NORTHPOINT, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, 977 NORTHPOINT, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, 977 NORTHPOINT, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT IX
### (Negligence)

1.    On and before June 25, 2004, SLJ Properties, LLC owned or managed the premises located at or about 959-965 Northpoint Blvd In Waukegan, Illinois (hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant SLJ PROPERTIES, LLC conducted business in Cook County Illinois.

5.    At all times relevant, Defendant Precision conducted business in Cook County

premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC, was negligent in one or more of the following ways:

   a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

   b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

   c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

   d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

20

e.  Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.  Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.  Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.  Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.  Defendant was otherwise careless and negligent.

10.  Defendant, SLJ PROPERTIES, LLC, knew or should have known of the foregoing dangerous conditions.

11.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, SLJ PROPERTIES, LLC, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

favor and against the defendants, SLJ PROPERTIES, LLC, in an amount which this Court

deems just and proper, plus costs.

## COUNT X
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of

Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC

was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the

following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.    Carelessly and negligently allowed an unnatural

22

accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.   Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.   Defendant was otherwise careless and negligent.

10. Defendant, SLJ PROPERTIES, LLC, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, SLJ PROPERTIES, LLC, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, SLJ PROPERTIES, LLC, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

COUNT XI
(Negligence)

1.   On and before June 25, 2004, ROTHBART CONSTRUCTION COMPANY, INC. owned

(hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant ROTHBART CONSTRUCTION COMPANY, INC. conducted business in Cook County Illinois.

5.    At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC., by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, ROTHBART

24

CONSTRUCTION COMPANY, INC., was negligent in one or more of the following wa

a.  Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.  Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.  Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.  Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.  Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.  Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.  Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.  Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about

25

the area where Plaintiff fell; and

  k.  Defendant was otherwise careless and negligent.

  10,  Defendant, ROTHBART CONSTRUCTION COMPANY, INC., knew or should have known of the foregoing dangerous conditions.

  11.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

  WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART CONSTRUCTION COMPANY, INC., in an amount which this Court deems just and proper, plus costs.

## COUNT XII
### (Premises Liability)

  1-8.  Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

  9.  At and before the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC., was in violation of the Premises Liability Act, 740 ILC 130/1, et. seq., in one or more of the following ways:

    a.  Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

in a safe and proper condition;

c.  Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.  Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.  Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.  Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.  Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.  Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.  Defendant was otherwise careless and negligent.

the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.


## COUNT XIII
### (Negligence)

1.    On and before June 25, 2004, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY conducted business in Cook County Illinois.

28

5.   At all times relevant. Defendant Precision conducted business in Cook County Illinois.

6.   On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.   At the time and place aforesaid, Defendant,ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.   On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.   At and before the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, was negligent in one or more of the following ways:

    a.   Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

    b.   Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot

loading areas, entrance ways and parking lot for dangerous conditions;

d.   Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.   Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.   Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.   Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.   Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.   Defendant was otherwise careless and negligent.

10.   Defendant, ROTHBART CONSTRUCTION COMPANY, INC. s/k/a

HBART CONSTRUCTION REALTY, knew or should have known of the foregoi

;erous conditions.

30

11.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, in an amount which this Court deems just and proper, plus costs.

## COUNT XIV
### (Premises Liability)

1-8:   Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.     At and before the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

a.     Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.     Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

d.  Carelessly and negligently failed to repair or remove a
drainage pipe that directed water, liquids and debris in and
about the walkways, loading areas, parking lot and
entranceways of the Premises;

e.  Carelessly and negligently allowed a drainage pipe and the
area in and about the walkways and parking lot leading to
the entrance ways to PRECISION to be and remain in
disrepair;

f.  Carelessly and negligently failed to warn delivery people,
including the Plaintiff, of the above described unsafe
conditions;

g.  Carelessly and negligently allowed an unnatural
accumulation of moisture, water, liquids, debris and growth
to develop and remain in and about the walkways, loading
areas, parking lot and entrance ways of the Premises;

h.  Defendant failed to provide Plaintiff with a safe pathway
for ingress and egress into Precision to which he was a
lawful invitee;

i.  Defendant failed to provide or maintain sufficient and/or
appropriate warnings of the unsafe conditions in and about
the area where Plaintiff fell;

j.  Defendant failed to design a safe method for removal or re-directioned
water and moisture away from the walkways, loading areas, parking lot
and entrance ways of the Premises; and

k.  Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a

ROTHBART CONSTRUCTION REALTY, knew or should have known of the foregoing

dangerous conditions and problems.

COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

Respectfully submitted,

BRUCE ROGERS

By: _____
One of His Attorneys

Edwin J. Hull, III
Cutler & Hull
70 West Madison Street
Suite 3750
Chicago, IL 60602
(312) 726-0777
Atty. No. 33718