1750007022                                                                                    Firm I.D. 36699

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

BRUCE ROGERS,

    Plaintiff,

v.

PRECISION LABORATORIES, INC.;
ROTHBART REALTY COMPANY; 977
NORTHPOINT VENTURES, LLC, a/k/a
977 NORTHPOINT VENTURES FUND;
SLJ PROPERTIES, LTD.; ROTHBART
CONSTRUCTION COMPANY, INC. and
ROTHBART CONSTRUCTION
COMPANY, INC., a/k/a ROTHBART
CONSTRUCTION REALTY,

    Defendants.

No. 06 L 5376

## DEFENDANT PRECISION LABORATORIES, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR INVOLUNTARY DISMISSAL

Plaintiff's response brief fails to cite one case regarding what duties a single tenant in a multi-unit premises has over the common area of that property. Rather, Plaintiff cites to many cases, without ever enlightening the reader as to how said cases apply to the case at hand, to argue why the facts of this case creates a duty upon Precision Laboratories, Inc. ("Precision"). Precision filed a motion to dismiss, pursuant to 735 ILCS 5/2-615(a) and 735 ILCS 5/2-619(a)(9), arguing that the complaint fails to allege a cognizable duty against Precision because Precision did not have a duty to maintain the area where plaintiff allegedly fell and injured himself. It is without question that Precision cannot have a duty to remedy any alleged condition in the common area of the

EXHIBIT 3

property because the common area was owned and maintained by Codefendant 977 Northpoint Ventures, LLC.

Plaintiff's response to the motion to dismiss misapplies Illinois law, misstates the nature of the law cited, and incorrectly responds as if in opposition to a motion for summary judgment instead of a motion to dismiss. In his complaint, Plaintiff has not properly alleged Precision had a duty to maintain or control the common area where Plaintiff allegedly fell. Therefore, Precision's motion should be granted and Counts III and IV of the Complaint should be dismissed with prejudice.

**ARGUMENT:**

Plaintiff's complaint did not state a cognizable duty as to Precision. Instead, Plaintiff alleges that the accident happened in the common area of the property, an area over which Precision had no control. Where there are more than one tenants in a unit, the **landlord** has the duty to maintain the common area. Esser v. McIntyre, 267 Ill.App.3d 611, 617 (1st Dist. 1994) (emphasis added), *see also* Drewick v. Interstate Terminals, Inc., 42 Ill.2d 345, 350 (1969). Furthermore, both the lease and Illinois law provide that a **landlord** has exclusive control and responsibility for maintenance over the common area.

### I.     Plaintiff's Case Law is Inapposite to the Instant Case

Plaintiff cites to a multitude of cases arguing that each stands for the general idea that Precision owed Plaintiff a duty to provide a safe means of ingress and egress from its leased property. (citations omitted) The cases cited by Plaintiff are inapposite to the instant case. Instead, as pled, the complaint alleges the accident occurred in the common

area of the property, an area that Precision did not have a duty to maintain or control, and was not part of its demised premises.

The cases cited by Plaintiff are inapposite because they all pertain to accidents that occurred while the injured party was on a defendant's property, without accounting for the pertinent facts at issue in the instant case, namely the duties and responsibilities of a tenant's duties in a multi-unit property with respect to the common area.[1] Indeed, only one cited case examines premise liability under a motion to dismiss analysis. *See*, McLean v. Rockford Country Club, 352 Ill.App.3d 229 (2nd Dist. 2004).

For example, Plaintiff first cites to Clifford v. Wharton Business Group, LLC, 353 Ill.App.3d 34 (1st Dist. 2004), as standing for the proposition that Precision "owed plaintiff, as an invitee, a duty of reasonable care to maintain its premises in a reasonably safe condition." Pl.'s Resp., pg. 5-6. Clifford stands for the premise that §343 and §343A of the Restatement (Second) of Torts applies to a possessor of land. Clifford, at 42. Plaintiff's complaint alleges the accident happened in the common area, and not over an area where Defendant was the possessor of land. The facts in Clifford are unlike those in the instant case. In Clifford, the plaintiff was injured when a wall inside the building he was working in collapsed causing him to fall into a hole in the floor. Id., at 37. The trial court granted **summary judgment** to the defendant general contractor on the grounds that as the general contractor, defendant was not liable for the actions of its independent contractors. Id., at 36-37. The appellate court reversed, holding that the plaintiff alleged that the injuries were caused by a condition **on the land of which the general contractor was the possessor**. Id., at 41-42. Notwithstanding the fact that

---

[1] In cases cited case herein, Plaintiff fails to cite to the pertinent page making it practically impossible to discern where the actual cited law is located. Precision Laboratories takes issue with both the applicability of the cited cases and the proposition for which plaintiff claims the case law stands.

3

Clifford is a summary judgment case involving a different standard than at issue herein, cleatly the duties an entity has over the inside of a building to which it can be properly called the possessor are substantially different than those a single tenant owes over the common area of a multi-unit property. As such, Clifford is inapplicable to the instant case.

Similarly, Plaintiff cites Olinger v. Great Atlantic & Pacific Tea Co., 21 Ill.2d 469 (1961), as standing for the idea that Precision, as owner and operator of a business to which the public is invited, "owes a duty to keep the premises and the surrounding area in a reasonably safe condition so that such invitees will not be injured by reason of any unsafe condition" on the property. Pl.'s Resp., pg. 6. In Olinger, the plaintiff was injured when he slipped and fell inside defendant's store on a liquid substance on the store's floor. Olinger, at 472. The trial court entered an order of judgment for the plaintiff, which the appellate court overturned. The Illinois Supreme Court affirmed the appellate court's reversal of the judgment, noting "that a storekeeper is not the insurer of his customer's safety." Id., at 476. Contrary to Plaintiff's argument, Olinger does not stand for the idea that the owner or operator owes a duty at all times to people on its premises. In fact, the holding in Olinger illustrates that the owner and operator of a business does not owe an absolute duty to patrons that are **inside** the property.

Olinger is inapplicable because it does not address the duties and obligations of a lessor in a multi-unit property over the common area. Thus, it has no bearing on the instant case. Likewise, all of the other cases submitted by Plaintiff are inapplicable in so far as they refer to issues regarding summary judgment or otherwise fail to address a factually similar circumstances to the case at bar. In other words, the cases cited by

4

Plainiff fail to account for the factual subtleties in this case; namely, a circumstance where a lessor in a multi-unit property is being sued for negligence because the Plaintiff fell in a common area – not owned, possessed, maintained or controlled by it. While Plaintiff's cited cases *may* correctly state Illinois law regarding summary judgment or general land owner liability, they do not apply to this case because Precision has moved to dismiss Plaintiff's complaint (and not for summary judgment) and because Plaintiff's cases fail to analyze facts similar to the instant case.

Plaintiff similarly attempts to apply §343 of the Restatement (Second) of Torts to explain why Precision owed a duty. However, §343 applies to the "possessor of land," which is defined as a person in occupation of land with the intent to control it. *See*, §328e of the Restatement (Second) of Torts. However, in Plaintiff's complaint the accident allegedly occurred in the common area that was maintained and controlled by the landlord, not by Precision. Precision was not the possessor of land where plaintiff allegedly fell, and, therefore, §343 does not apply.

## II.   Plaintiff Misconstrues the Nature of Precision's Motion

Plaintiff cited LaFever v. Kemlite Co., 293 Ill.App.3d 260 (1st Dist. 1997), regarding the "open and obvious" doctrine. Plaintiff's response improperly attempts to argue facts as if it were in opposition to a motion for summary judgment. The question of "open and obvious" is irrelevant to Precision's motion. The complaint alleges the accident happened in a common area, over which Precision had no duty to maintain. Therefore, Precision cannot be held liable for alleged accidents that occur on it.

### III. Facts Supplied by Plaintiff are Incomplete, Hypothetical, or Otherwise Inapplicable

Several of the facts in Plaintiff's "Uncontested Facts" section are inaccurate, are hypothetical "facts", or are otherwise inapplicable.[2] Plaintiff states that Gary Rothbart, company representative for Codefendants, testified that "**If** materials come from inside a tenant's leased space, it is the tenant's responsibility to address any problem created by that even if the problem is created outside of the tenant's leased space." Pl.'s Resp., pg. 4 (emphasis added). Here, Plaintiff failed to plead that any materials on which Plaintiff fell came from inside Precision's leased space, and so Co-defendant's self-serving hypothetical is irrelevant. Instead, Plaintiff plead that Precision had a duty to maintain common areas, allegations that are inconsistent with the facts and the law.

Plaintiff's argument that interrogatory answers support its pleadings is similarly misplaced. *See*, Pl.'s Resp., pg. 4-5, citing to Co-def.'s Answers to Interrogs. 2-4. Contrary to Plaintiff's argument, Precision submits the complaint, as pled, states the accident happened in a common area, an area where Precision had no duty. Plaintiff's strawman arguments fail to change the fact that Plaintiff's accident happened in an area where Precision had no control, and any "facts" not found on the complaint are not relevant for this motion and should be ignored.

Plaintiff also alleges that Precision is responsible for the plumbing systems and fixtures. Id. However, at his deposition, Terry Culp, Vice President of the Seed Enhancement Unit at Precision, testified that the plumbing referred to "the hot and cold water systems and the toilet systems and all that within the building." *See*, Dep. of Terry Culp, pg. 30, ¶ 16-18, attached as Ex. A to Pl.'s Resp. Mr. Culp further testified that

---

[2] Precision disputes that Plaintiff's "Uncontested Facts" are uncontested. Moreover, Precision denies that they are germane to the instant case.

6

Precision "did not have control over roof drains that drain down or the sump pump that was handling exterior water from the premises." Id., pg. 30, ¶ 19-21. The issue of the plumbing is a red hearing, and what the plumbing constituted on the premises is a non-issue and irrelevant to this Court's analysis on Precision's motion to dismiss.

Lastly, Plaintiff states that the drainage pipe referred to in the Complaint "is a drainage pipe that comes from a sump pump pit inside the premises leased by Precision and drains, after being pumped out of the sump pit, to the outside of the building." Pl.'s Resp., pg. 5. However, this is factually incomplete. The materials discharged from the drainage pipe originally come from an exterior drain found at the base of the depressed truck dock. *See*, Dep. of Terry Culp, pg. 29, ¶ 1-14, attached as Ex. A to Pl.'s Resp; *see also*, Dep. of Gary Rothbart, pg. 38, ¶ 5-17, attached as Ex. B to Pl.'s Resp. The liquid discharged out of the drainage pipe originates outside in the common area of the premises, and is merely a circumstance of the design of the building that the materials are circulated through the sump pump that happens to be inside the premises. Thus, any inference that may be drawn from Plaintiff's "Uncontested Fact" that Precision somehow controlled the sump pump must be ignored.

### IV.     Precision's Motion Should be Granted

Regardless of how Plaintiff tries to color the facts, Precision did not manage, own or have rights over the area where Plaintiff fell because it was a common area that was the landlord's responsibility to maintain. The only issues at bar are those plead in Plaintiff's complaint, that: (a) Plaintiff fell on the property's common area; (b) Precision leased a portion of the premises and not the whole property; and, (c) Codefendant managed the property. Precision had no duty to remedy any alleged defect in a common

area. Illinois cases consistently provide that an accident that occurs in a common area of a multi-unit property over which the landlord has the duty to maintain is not the responsibility of the tenant. In other words, the landlord and not Precision is the entitly that bears responsibility in this lawsuit. Accordingly, this Court should grant Precision's motion to dismiss, pursuant to 2-615(a) and 2-619(a)(9), because according to the allegations in Plaintiff's complaint, the duty, if any, properly rests with the landlord and not with Precision

**CONCLUSION**

Plaintiff's response brief cites inapplicable law and fails to properly address the merits of Precision's motion to dismiss. Pursuant to 735 ILCS 5/2-615(a) and 735 ILCS 5/2-619(a)(9), the proper issue is whether the Complaint states a cognizable duty. Precision leased a portion of the property from Co-defendant who maintained the area where Plaintiff allegedly fell. Because the Complaint alleges that the accident occurred in a common area, not owned or controlled by Precision, Defendant's motion to dismiss should be granted and Counts III and IV of the Complaint should be dismissed with prejudice.

Wherefore, Defendant Precision Laboratories, Inc., respectfully requests an order granting its Motion for Involuntary Dismissal, pursuant to 735 ILCS 5/2-615(a) and 735 ILCS 5/2-619(a)(9), and dismissing Counts III and IV of the Complaint at Law with prejudice and any other relief this Court deems appropriate.

Respectfully submitted,

_____
Ryan FitzSimmons, One of the
Attorneys for Precision Laboratories,
Inc.

Daniel K. Cray
Ryan F. FitzSimmons
Iwan Cray Huber Horstman
& VanAusdal LLC
303 W. Madison Street, Suite 2200
Chicago, Illinois 60606
312-332-8450
312-332-8451 (Fax)