1750007022

Firm I.D. 36699

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

BRUCE ROGERS,

   Plaintiff,

  v.

PRECISION LABORATORIES, INC.;
ROTHBART REALTY COMPANY; 977
NORTHPOINT VENTURES, LLC, a/k/a 977
NORTHPOINT VENTURES FUND; SLJ
PROPERTIES, LTD.; ROTHBART
CONSTRUCTION COMPANY, INC. and
ROTHBART CONSTRUCTION
COMPANY, INC., a/k/a ROTHBART
CONSTRUCTION REALTY,

   Defendants.

No. 06 L 5376

## RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING ON PRECISION LABORATORIES, INC.'S MOTION TO DISMISS

Defendant PRECISION LABORATORIES, INC. by and through its attorneys, CRAY

HUBER HORSTMAN HEIL & VanAUSDAL LLC, and for its Response to Plaintiff BRUCE

ROGERS' Motion to Reconsider the Court's Ruling on Defendant Precision Laboratories, Inc.'s

Motion to Dismiss, hereby states:

### I.  INTRODUCTION

This Court correctly granted a Motion for Involuntary Dismissal filed by defendant

PRECISION LABORATORIES, INC. ("Precision") pursuant to 735 ILCS 5/2-619(a)(9). The

foundation for this ruling was established by two documents—Plaintiff's Complaint and the

Lease between Precision and co-defendant 977 NORTHPOINT VENTURE, LLC

("Northpoint"). Based upon these documents and the applicable Illinois law, this Court found

EXHIBIT
6

that Precision owed no duty to plaintiff BRUCE ROGERS ("Rogers").  Plaintiff now cites immaterial factual disputes, irrelevant case law and his misinterpretation of relevant case law in an effort to have this Court overturn its earlier ruling.

## II.    PROCEDURAL HISTORY

Plaintiff filed his Complaint in this matter following his alleged fall in the outdoor parking lot area outside of a multi-unit commercial building owned by ROTHBART PROPERTIES ("Rothbart") and/or Northpoint.  (See Exhibit 1.)  Precision was a tenant in that building.  Precision filed its Motion for Involuntary Dismissal pursuant to 735 ILCS 5/2-615(a) and 735 ILCS 5/2-619(a)(9).  (See Exhibit 2.)  Precision attached the Lease between itself and Northpoint as the affirmative matter which would defeat plaintiff's cause of action against it.  (See Exhibit B, the Lease, to Ex. 2, attached hereto.)  Per Section 9 of the Lease, Precision (the "Tenant") did not have the duty to maintain the parking areas and driveways on the premises.  (Ex. B, pp. 5-6, ¶ 9.A, B.)  Rather, Northpoint (the "Landlord") had the duty to maintain the entire exterior of the Premises, including the parking areas and driveways.  (Ex. B, p. 6, ¶ 9.B.)

After a full briefing of the Motion for Involuntary Dismissal, as well as oral arguments, this Court granted the motion pursuant to 735 ILCS 5/2-619, dismissing the counts of negligence and premises liability as to Precision.  In reaching its decision, this Court found that Precision owed no duty to plaintiff with regard to plaintiff's fall on the common area since the area where the accident occurred was not located on Precision's leased premises.  (See Court Order of May 4, 2007, attached hereto as Exhibit 3.)  Despite the fact that plaintiff failed to include this Order as an Exhibit to his Motion to Reconsider, it is this Order and this finding that plaintiff seeks to have reconsidered.

## III.   ARGUMENT

### A. Summary of Argument.

In bringing a motion to reconsider, a party is informing the Court that a decision it has made must be re-examined due to the presence of one of three distinct factors: (1) the existence of newly discovered evidence; (2) a change in the law; or (3) the existence of an error in the court's previous application of the existing law. *North River Ins. Co. v. Grinnell Mutual Reinsurance Co.*, 369 Ill.App.3d 563, 572, 860 N.E.2d 460, 468 (1st Dist. 2006). In his attempt to argue that this Court was in error, plaintiff makes the exact same arguments now as he did in attempting to defeat the Motion for Involuntary Dismissal. Once again, these arguments are misplaced and unpersuasive. The Lease between Precision and Northpoint is the contract that creates the rights and legal duties attributable to each of those parties. Plaintiff fails to appreciate the law that is applicable to this analysis, and further, fails to carefully examine the Lease and his Complaint wherein *his own pleadings* reveal that Precision owed him no duty. This Court correctly found that Precision owed no duty to plaintiff due to the fact that plaintiff alleges that he fell in a parking lot area—an area that was not part of Precision's leased premises and was not under Precision's control.

### B.   The Allegations of Plaintiff's Complaint Require Dismissal and Belie the Arguments in His Motion to Reconsider.

The first element in a premises liability cause of action is to establish that the defendant owed the plaintiff a duty. *Strahs v. Tovar's Snowplowing, Inc.*, 349 Ill.App.3d 634, 640, 812 N.E.2d 441, 447 (1st Dist. 2004). Whether that duty exists between the defendant and the plaintiff is a question of law. *Id.* Based on the allegations in plaintiff's own Complaint, it is clear that no duty was owed by Precision.

In his Complaint, plaintiff first states that co-defendants Rothbart and Northpoint owned or managed the premises located at or about 959-965 Northpoint Boulevard in Waukegan, Illinois. He dubbed this entire location "**the Premises**." (Count I, ¶ 1 of Ex. 1.) (Emphasis added.) Second, he then corrects himself and alleges that Precision leased and occupied only **a portion of the premises**. (Count I, ¶ 2 of Ex. 1.) (Emphasis added.) Finally, plaintiff alleges that on June 25, 2004, he slipped and fell on an unnatural accumulation of water, moisture, debris, dirt and growths located on a walkway and parking lot area of the Premises. (Count III, ¶ 8 of Ex. A.)

With regard to Precision, Plaintiff alleges that it owed a duty to Rogers "to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition." (Count III, ¶ 7 of Ex. 1.) As Precision was a lessor of the premises, it is clear that plaintiff believes that Precision's duty was created by the Lease. Illinois courts have found that where a defendant is charged with negligence because of his failure to perform an act allegedly required by contract, the question of whether the defendant actually had a duty to perform the act is determined by the terms of the contract itself. *Kotarba v. Jamrozik*, 283 Ill.App.3d 595, 597, 669 N.E.2d 1185, 1188 (1st Dist. 1996); *Perkaus v. Chicago Catholic High School Athletic League*, 140 Ill.App.3d 127, 134, 488 N.E.2d 623, 627 (1st Dist. 1986). The scope of the defendant's duty is dependent upon the terms of the contract. *Perkaus*, 140 Ill.App.3d at 134. Finally, the courts have noted that the defendant's duty will not be extended beyond the duties described in the contract. *Id.*; *Kotarba*, 283 Ill.App.3d at 598.

The Lease between Precision and co-defendant Northpoint defined the term "premises" much more narrowly than did plaintiff in his Complaint. According to the Lease, Precision

4

agreed to **"maintain and operate the LEASED premises in good condition and repair."** (Ex. B, § 9.A.)  (Emphasis added.)   To understand what exactly Precision was to maintain, it is imperative to understand the definition of "premises" as used in the Lease.

The term "Premises" is set forth in the second full paragraph of the Lease, wherein it is noted to be the address at 959 and 965 Northpoint Boulevard. (Ex. B, p. 1, ¶ 2.) Also described in the Lease is the term "Property," which is described as the building (which housed multiple tenants) and the real estate on which the "Premises" is located.   (Ex. B, p. 1 ¶ 2.)  Finally, the "Building" is also described in the Lease as the structure located at 977 Northpoint Boulevard. (Ex. B, p. 1, ¶ 2.)  In determining the meaning of these three terms when taken together, it becomes clear that the "Property" is the entire campus, including the surrounding real estate; the "Building" is the entire structure; and the "Premises" that Precision leased was only that portion of the Building with the address of 959 and 965 Northpoint.  (Ex. B, p. 1, ¶ 2.)

The Lease sets forth in clear and unambiguous language that the "***Landlord*** [Northpoint] ***agrees that it will keep and maintain in good condition and repair…the exterior of the PREMISES (including the landscaping, parking area and driveways)."*** (Ex. B, § 9.B.)  Using the definition of "premises" set forth in the Lease, this would include everything outside of that portion of the building which Precision has rented.  Further, the clear and unambiguous language of the Lease sets forth that Northpoint agrees to maintain the parking area and driveways to the property.  This language is unmistakable.  The fact that Northpoint is a defendant in this matter proves that plaintiff properly impleaded the entity that had the duty to maintain the parking lot area—whether this duty existed via common law as the owner of the property, or via contract through the clear terms of the Lease.

The terms of the Lease clearly set forth that Northpoint, the landlord, contractually agreed to maintain the parking area and driveways of the building—the exact spot where plaintiff alleged that he fell. Based on the language of the Lease, Precision simply did not have the duty to maintain the area where plaintiff fell. Because of this, Precision was properly dismissed from this litigation, and plaintiff's Motion to Reconsider must be denied.

### C.    Plaintiff's Arguments Regarding the Entrance and Exit Area to its Premises are Irrelevant.

In his Motion to Reconsider and accompanying brief in support thereof, plaintiff makes arguments and cites to case law regarding the entrance and exit to Precision's premises, as he did in response to the original motion to dismiss. As this Court obviously noted in making its decision to dismiss the counts against Precision, these arguments are not helpful to the plaintiff.

As set forth above, the language of the Lease is controlling as to where the duty lies in this matter. Plaintiff's arguments and citations to various cases concerning the means of ingress and egress to a property, the duty of an occupier of land, and the existence of a duty beyond the property line are all moot due to the unambiguous language of the Lease. Per the Lease, Precision had no right to maintain or repair an area that was under the control of its landlord. Thus, if Precision has no **right** to maintain or repair the area, it certainly cannot be found to have a **legal duty** to maintain the area. Therefore, plaintiff has filed suit against the proper defendant, Northpoint, which had a contractual obligation to keep the common areas maintained.

### D.    Plaintiff's Uncontested Facts Are Not Uncontested, But Are Immaterial as to the Question of Precision's Duty.

In addition to his irrelevant citations to the case law concerning means of ingress and egress, plaintiff goes on to argue factual contentions, such as where the liquid that he fell on came from and where an alleged sump pump is located. These arguments were misplaced in

plaintiff's response to Precision's motion to dismiss. While deposition of Terry Culp and Gary Rothbart were taken and attached to plaintiff's motion, the only testimony that could be relevant for this Court in making its decision would be if there was testimony that the duties of the parties to the Lease were modified after its execution. There is no such testimony in these depositions. Therefore, the language of the Lease is the sole piece of evidence that sets forth the duties of Precision and Northpoint and the remainder of plaintiff's factual arguments are immaterial to this issue.

As Exhibit A to his Motion for Reconsideration, plaintiff attaches a document entitled "Uncontested Facts/Allegations." These so-called uncontested facts and allegations are identical to the "Uncontested Facts/Allegations" section of plaintiff's Response to the Motion for Involuntary Dismissal. Precision disputes these alleged "uncontested facts," just as it did in its Reply in Support of the Motion for Involuntary Dismissal. Plaintiff against wants to reargue the same facts related to defendant's motion to dismiss which he argued previously. Motions to reconsider are not an opportunity to reargue the same facts, but are reserved to argue newly discovered facts. *North River Ins. Co.*, 369 Ill.App.3d at 572. Plaintiff has introduced no newly discovered facts, and his "old" facts are immaterial to the issue in question—who had the duty to maintain the parking lot where plaintiff fell according to the Lease.

WHEREFORE, Defendant PRECISION LABORATORIES, INC. requests this Honorable Court to enter an order denying Plaintiff's Motion to Reconsider the Court's Ruling on Defendant Precision Laboratory, Inc.'s Motion to Dismiss Pursuant to 735 ILCS 5/2-619(A)(9), and for any such further relief as this Court deems appropriate. Further, this Defendant requests this Court to make a specific finding under Illinois Supreme Court Rule

304(a) that there exists no reason to delay enforcement of this order of judgment entered on May 4, 2007.

Respectfully submitted,

By: _____
    Daniel K. Cray

Mr. Daniel K. Cray
Mr. Adam C. Carter
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison, Suite 2200
Chicago, Illinois  60606
312/332-8450
312/332-8451 (Fax)

Atty. No. 33718

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRUCE ROGERS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 06 C 5376 |
| ROTHBART PROPERTIES; | ) |
| PRECISION LABORATORIES, INC. | ) |
| ROTHBART REALTY COMPANY, | ) |
| 977 NORTHPOINT VENTURES, LLC. | ) |
| a/k/a 977 NORTHPOINT VENTURES FUND, | ) |
| SLJ PROPERTIES, LLC, ROTHBART | ) |
| CONSTRUCTION COMPANY, INC. and | ) |
| ROTHBART CONSTRUCTION | ) |
| COMPANY, INC a/k/a ROTHBART | ) |
| CONSTRUCTION REALTY | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW comes the Plaintiff, BRUCE ROGERS, by and through his attorneys, CUTLER &

HULL, and complains of the Defendants, ROTHBART PROPERTIES (hereinafter "Rothbart")

PRECISION LABORATORIES, INC. (hereinafter "Precision"), ROTHBART REALTY

COMPANY (hereinafter "Rothbart Realty"), 977 NORTHPOINT VENTURES, LLC a/k/a 977

NORTHPOINT VENTURES FUND (hereinafter "977 Northpoint"), SLJ Properties, LLC

(hereinafter "SLJ", Rothbart Construction Company, Inc (hereinafter "Rothbart Construction"), and

Rothbart Construction Company, Inc a/k/a Rothbart Construction Realty (hereinafter "Rothbart

Construction Realty") as follows:

COUNT I
(Negligence)

1.    On and before June 25, 2004, Rothbart or 977 Northpoint or both owned or

EXHIBIT
1

managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2. On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3. On or before June 25, 2004, Rothbart Realty managed the premises.

4. At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

5. At all times relevant, Defendants Rothbart, Rothbart Realty and 977 Northpoint conducted business in Cook County Illinois.

6. At all times relevant, Defendant Precision conducted business in Cook County Illinois.

7. On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

8. At the time and place aforesaid, Defendant, ROTHBART, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

9. On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an

walkway and parking lot area of the Premises.

10.    At and before the time and place aforesaid, Defendant, ROTHBART, w

negligent in one or more of the following ways:

   a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

   b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

   c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

   d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

   e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

   f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

   g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

   h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading

for ingress and egress into Precision to which he was a lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.    Defendant was otherwise careless and negligent.

11. Defendant, ROTHBART, knew or should have known of the foregoing dangerous conditions.

12. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART PROPERTIES, in an amount which this Court deems just and proper, plus costs.

## COUNT II
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count I of this Complaint, as and for Paragraphs 1 through 8 of Count II.

9.    At and before the time and place aforesaid, Defendant, ROTHBART, was in violation of the Premises Liability Act, 740 ILCS 130/1. et. seq., in one or more of the following

and its walkways, entrance ways, loading areas, and parking lot ;

b.   Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.   Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.   Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.   Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.   Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.   Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.   Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

10. Defendant, ROTHBART, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT III
### (Negligence)

1-5.    Plaintiffs Bruce Rogers repeats and realleges Paragraphs 1 through 5 of Count I of his complaint as and for paragraphs 1 through 5 of Count III.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, PRECISION, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an

6

unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway area of the premises.

9.    At and before the time and place aforesaid, Defendant, PRECISION, was negligent in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entrances of the Premises;

    e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entranceways at the Premises to be and remain in disrepair;

    f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

    g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

to develop and remain in and about the walkways, loading areas, parking lot and entranceways of the Premises;

i.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into PRECISION to which he was a lawful invitee;

j.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.   Defendant was otherwise careless and negligent.

8.   Defendant, PRECISION, knew or should have known of the foregoing dangerous conditions.

9.   As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, PRECISION, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendant, PRECISION, in an amount which this Court deems just and proper, plus costs.

## COUNT IV
### (Premises Liability)

1-8.   Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphes 1 through 8 of Count III of this Complaint, as and for Paragraphs 1 through 8 of Count IV.

9.   At and before the time and place aforesaid, Defendant, PRECISION, was in

following ways:

    a.    Carelessly and negligently operated, managed, maintained said F and its walkways, entrance ways, loading areas, and parking lot

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

    e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

    f.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

    g.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

    h.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

    i.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

k.    Defendant was otherwise careless and negligent.

10. Defendant, PRECISION, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, PRECISION, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, PRECISION, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT V
### (Negligence)

1.    On and before June 25, 2004, ROTHBART REALTY COMPANY owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant ROTHBART REALTY COMPANY conducted

Illinois.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, was negligent in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot :

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous

drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.  Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.  Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.  Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.  Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.  Defendant was otherwise careless and negligent.

10.  Defendant, ROTHBART REALTY COMPANY, knew or should have known of the foregoing dangerous conditions;

11.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART REALTY COMPANY, its agents and employees, a portion of the Premises was left in a dangerous

12

condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART REALTY COMPANY, in an amount which this Court deems just and proper, plus costs.

### COUNT VI
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count V of this Complaint, as and for Paragraphs 1 through 8 of Count IV.

9.    At and before the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq:. in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot;

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

    e.    Carelessly and negligently allowed a drainage pipe and the

f.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.    Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.    Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART REALTY COMPANY, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART REALTY COMPANY, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART REALTY COMPANY, in an amount in excess of

1.    On and before June 25, 2004, 977 NORTHPOINT owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant 977 NORTHPOINT conducted business in Cook County Illinois.

5.    At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, 977 NORTHPOINT, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an

and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

     9.    At and before the time and place aforesaid, Defendant, 977 NORTHPOINT, was negligent in one or more of the following ways:

       a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

       b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

       c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

       d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

       e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

       f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

       g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

       h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

16

i.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

k.    Defendant was otherwise careless and negligent.

10.    Defendant, 977 NORTHPOINT, knew or should have known of the foregoing dangerous conditions.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, 977 NORTHPOINT, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, 977 NORTHPOINT, in an amount which this Court deems just and proper, plus costs.

## COUNT VIII
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, 977 NORTHPOINT, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises

17

and its walkways, entrance ways, loading areas, and parking lot ;

b.   Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.   Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.   Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.   Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.   Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.   Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.   Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

10. Defendant, 977 NORTHPOINT, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, 977 NORTHPOINT, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, 977 NORTHPOINT, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT IX
### (Negligence)

1.      On and before June 25, 2004, SLJ Properties, LLC owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.      On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.      At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.      At all times relevant, Defendant SLJ PROPERTIES, LLC conducted business in Cook County Illinois.

5.      At all times relevant, Defendant Precision conducted business in Cook County

premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC,

by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for

entering and leaving the Premises and a duty to maintain the said Premises and its surrounding

area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner

and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the

common and usual area for entering and leaving the Premises when he slipped and fell on an

unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area

and loading area of the Premises and on an unnatural accumulation of moisture in and about the

walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC,

was negligent in one or more of the following ways:

   a.    Carelessly and negligently operated, managed, maintained
          said Premises and its walkways, entrance ways, loading
          areas, and parking lot ;

   b.    Carelessly and negligently failed to properly maintain said
          Premises and its walkways, entrance ways and parking lot
          in a safe and proper condition;

   c.    Carelessly and negligently failed to inspect said walkways,
          loading areas, entrance ways and parking lot for dangerous
          conditions;

   d.    Carelessly and negligently failed to repair or remove a
          drainage pipe that directed water, liquids and debris in and
          about the walkways, loading areas, parking lot and
          entranceways of the Premises;

20

e.  Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.  Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.  Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.  Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.  Defendant was otherwise careless and negligent.

10.  Defendant, SLJ PROPERTIES, LLC, knew or should have known of the foregoing dangerous conditions.

11.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, SLJ PROPERTIES, LLC, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

favor and against the defendants, SLJ PROPERTIES, LLC, in an amount which this Court deems just and proper, plus costs.

## COUNT X
### (Premises Liability)

1-8.   Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.   At and before the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

a.   Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.   Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.   Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.   Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.   Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.   Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.   Carelessly and negligently allowed an unnatural

22

accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.    Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.    Defendant was otherwise careless and negligent.

10. Defendant, SLJ PROPERTIES, LLC, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, SLJ PROPERTIES, LLC, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, SLJ PROPERTIES, LLC, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT XI
### (Negligence)

1.    On and before June 25, 2004, ROTHBART CONSTRUCTION COMPANY, INC. owned

(hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant ROTHBART CONSTRUCTION COMPANY, INC. conducted business in Cook County Illinois.

5.    At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC., by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, ROTHBART

24

CONSTRUCTION COMPANY, INC., was negligent in one or more of the following wa

a. Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b. Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c. Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d. Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e. Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f. Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h. Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i. Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j. Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about

25