Atty. No. 33718

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| BRUCE ROGERS, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 06 L 5376 |
| ROTHBART PROPERTIES; PRECISION LABORATORIES, INC, ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC. a/k/a 977 NORTHPOINT VENTURES FUND, SLJ PROPERTIES, LLC, ROTHBART CONSTRUCTION COMPANY, INC. and ROTHBART CONSTRUCTION COMPANY, INC a/k/a ROTHBART CONSTRUCTION REALTY | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW comes the Plaintiff, BRUCE ROGERS, by and through his attorneys, CUTLER & HULL, and complains of the Defendants, ROTHBART PROPERTIES (hereinafter "Rothbart") PRECISION LABORATORIES, INC. (hereinafter "Precision"), ROTHBART REALTY COMPANY (hereinafter "Rothbart Realty"), 977 NORTHPOINT VENTURES, LLC a/k/a 977 NORTHPOINT VENTURES FUND (hereinafter "977 Northpoint"), SLJ Properties, LLC (hereinafter "SLJ", Rothbart Construction Company, Inc (hereinafter "Rothbart Construction"), and Rothbart Construction Company, Inc a/k/a Rothbart Construction Realty (hereinafter "Rothbart Construction Realty") as follows:

COUNT I
(Negligence)

1. On and before June 25, 2004, Rothbart or 977 Northpoint or both owned or


EXHIBIT A

managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2. On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3. On or before June 25, 2004, Rothbart Realty managed the premises.

4. At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

5. At all times relevant, Defendants Rothbart, Rothbart Realty and 977 Northpoint conducted business in Cook County Illinois.

6. At all times relevant, Defendant Precision conducted business in Cook County Illinois.

7. On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

8. At the time and place aforesaid, Defendant, ROTHBART, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

9. On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an

walkway and parking lot area of the Premises.

10. At and before the time and place aforesaid, Defendant, ROTHBART, w negligent in one or more of the following ways:

    a. Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

    b. Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c. Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d. Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

    e. Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

    f. Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

    g. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

    h. Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading

       for ingress and egress into Precision to which he was a lawful invitee;

j.     Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.     Defendant was otherwise careless and negligent.

11. Defendant, ROTHBART, knew or should have known of the foregoing dangerous conditions.

12. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART PROPERTIES, in an amount which this Court deems just and proper, plus costs.

### COUNT II
### (Premises Liability)

1-8.     Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count I of this Complaint, as and for Paragraphs 1 through 8 of Count II.

9.     At and before the time and place aforesaid, Defendant, ROTHBART, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following

and its walkways, entrance ways, loading areas, and parking lot ;

b. Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c. Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d. Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e. Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g. Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h. Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i. Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j. Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

10. Defendant, ROTHBART, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT III
### (Negligence)

1-5. Plaintiffs Bruce Rogers repeats and realleges Paragraphs 1 through 5 of Count I of his complaint as and for paragraphs 1 through 5 of Count III.

6. On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7. At the time and place aforesaid, Defendant, PRECISION, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8. On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an

6

unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway area of the premises.

9. At and before the time and place aforesaid, Defendant, PRECISION, was negligent in one or more of the following ways:

    a. Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot;

    b. Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c. Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d. Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entrances of the Premises;

    e. Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entranceways at the Premises to be and remain in disrepair;

    f. Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

    g. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

to develop and remain in and about the walkways, loading areas, parking lot and entranceways of the Premises;

i. Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into PRECISION to which he was a lawful invitee;

j. Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k. Defendant was otherwise careless and negligent.

8. Defendant, PRECISION, knew or should have known of the foregoing dangerous conditions.

9. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, PRECISION, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendant, PRECISION, in an amount which this Court deems just and proper, plus costs.

## COUNT IV
### (Premises Liability)

1-8. Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphes 1 through 8 of Count III of this Complaint, as and for Paragraphs 1 through 8 of Count IV.

9. At and before the time and place aforesaid, Defendant, PRECISION, was in

following ways:

    a.    Carelessly and negligently operated, managed, maintained said P and its walkways, entrance ways, loading areas, and parking lot

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

    e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

    f.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

    g.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

    h.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

    i.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

k.  Defendant was otherwise careless and negligent.

10. Defendant, PRECISION, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, PRECISION, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, PRECISION, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT V
### (Negligence)

1. On and before June 25, 2004, ROTHBART REALTY COMPANY owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2. On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3. At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4. At all times relevant, Defendant ROTHBART REALTY COMPANY conducted

Illinois.

6. On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7. At the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8. On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9. At and before the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, was negligent in one or more of the following ways:

    a. Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot;

    b. Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c. Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous

    drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

 e. Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

 f. Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

 g. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

 h. Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

 i. Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

 j. Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

 k. Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART REALTY COMPANY, knew or should have known of the foregoing dangerous conditions.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART REALTY COMPANY, its agents and employees, a portion of the Premises was left in a dangerous

condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART REALTY COMPANY, in an amount which this Court deems just and proper, plus costs.

## COUNT VI
### (Premises Liability)

1-8. Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count V of this Complaint, as and for Paragraphs 1 through 8 of Count IV.

9. At and before the time and place aforesaid, Defendant, ROTHBART REALTY COMPANY, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

   a. Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot;

   b. Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

   c. Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

   d. Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

   e. Carelessly and negligently allowed a drainage pipe and the

  f. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

  g. Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

  h. Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

  i. Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

  j. Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

  k. Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART REALTY COMPANY, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART REALTY COMPANY, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART REALTY COMPANY, in an amount in excess of

1. On and before June 25, 2004, 977 NORTHPOINT owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2. On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3. At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4. At all times relevant, Defendant 977 NORTHPOINT conducted business in Cook County Illinois.

5. At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6. On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7. At the time and place aforesaid, Defendant, 977 NORTHPOINT, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8. On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an