and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, 977 NORTHPOINT, was negligent in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

16

i.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

k.  Defendant was otherwise careless and negligent.

10.  Defendant, 977 NORTHPOINT, knew or should have known of the foregoing dangerous conditions.

11.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, 977 NORTHPOINT, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, 977 NORTHPOINT, in an amount which this Court deems just and proper, plus costs.

## COUNT VIII
### (Premises Liability)

1-8.  Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.  At and before the time and place aforesaid, Defendant, 977 NORTHPOINT, was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

a.  Carelessly and negligently operated, managed, maintained said Premises

17

and its walkways, entrance ways, loading areas, and parking lot ;

b.   Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.   Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.   Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.   Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.   Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.   Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.   Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

10. Defendant, 977 NORTHPOINT, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, 977 NORTHPOINT, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, 977 NORTHPOINT, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT IX
### (Negligence)

1.     On and before June 25, 2004, SLJ Properties, LLC owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2.     On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.     At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.     At all times relevant, Defendant SLJ PROPERTIES, LLC conducted business in Cook County Illinois.

5.     At all times relevant, Defendant Precision conducted business in Cook County

premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC,
by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for
entering and leaving the Premises and a duty to maintain the said Premises and its surrounding
area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner
and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the
common and usual area for entering and leaving the Premises when he slipped and fell on an
unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area
and loading area of the Premises and on an unnatural accumulation of moisture in and about the
walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, SLJ PROPERTIES, LLC,
was negligent in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained
said Premises and its walkways, entrance ways, loading
areas, and parking lot ;

    b.    Carelessly and negligently failed to properly maintain said
Premises and its walkways, entrance ways and parking lot
in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways,
loading areas, entrance ways and parking lot for dangerous
conditions;

    d.    Carelessly and negligently failed to repair or remove a
drainage pipe that directed water, liquids and debris in and
about the walkways, loading areas, parking lot and
entranceways of the Premises;

20

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k.    Defendant was otherwise careless and negligent.

10.    Defendant, SLJ PROPERTIES, LLC, knew or should have known of the foregoing dangerous conditions.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, SLJ PROPERTIES, LLC, its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

✑024

favor and against the defendants, SLJ PROPERTIES, LLC, in an amount which this Court deems just and proper, plus costs.

## COUNT X
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, SLJ PROPERTIES, LLr was in violation of the Premises Liability Act, 740 ILCS 130/1, et. seq., in one or more of the following ways:

    a.    Carelessly and negligently operated, managed, maintained said Premise and its walkways, entrance ways, loading areas, and parking lot ;

    b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

    c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

    d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

    e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

    f.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

    g.    Carelessly and negligently allowed an unnatural

22

accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.   Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.   Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.   Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.   Defendant was otherwise careless and negligent.

10. Defendant, SLJ PROPERTIES, LLC, knew or should have known of the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, SLJ PROPERTIES, LLC, its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, SLJ PROPERTIES, LLC, in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT XI
### (Negligence)

1.   On and before June 25, 2004, ROTHBART CONSTRUCTION COMPANY, INC. owned

(hereinafter "the Premises").

2.    On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3.    At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4.    At all times relevant, Defendant ROTHBART CONSTRUCTION COMPANY, INC. conducted business in Cook County Illinois.

5.    At all times relevant, Defendant Precision conducted business in Cook County Illinois.

6.    On or about June 25, 2004, the Plaintiff, BRUCE ROGERS, was lawfully on the premises for the purpose of making a delivery to Precision.

7.    At the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC., by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.    On the aforesaid date, the Plaintiff, BRUCE ROGERS, was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.    At and before the time and place aforesaid, Defendant, ROTHBART

24

CONSTRUCTION COMPANY, INC., was negligent in one or more of the following wa

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

b.    Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot in a safe and proper condition;

c.    Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.    Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.    Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.    Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g.    Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h.    Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i.    Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j.    Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about

25

the area where Plaintiff fell; and

k.    Defendant was otherwise careless and negligent.

10.    Defendant, ROTHBART CONSTRUCTION COMPANY, INC., knew or should have known of the foregoing dangerous conditions.

11.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and /or omissions on the part of the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., its agents and employees, a portion of the Premises was left in a dangerous condition upon which the Plaintiff slipped and fell causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the defendants, ROTHBART CONSTRUCTION COMPANY, INC., in an amount which this Court deems just and proper, plus costs.

## COUNT XII
### (Premises Liability)

1-8.    Plaintiff, BRUCE ROGERS, repeats and realleges Paragraphs 1 through 8 of Count VII of this Complaint, as and for Paragraphs 1 through 8 of Count VIII.

9.    At and before the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC., was in violation of the Premises Liability Act, 740 ILC 130/1, et. seq., in one or more of the following ways:

a.    Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

in a safe and proper condition;

c.  Carelessly and negligently failed to inspect said walkways, loading areas, entrance ways and parking lot for dangerous conditions;

d.  Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e.  Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f.  Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

g.  Carelessly and negligently allowed an unnatural accumulation of moisture, water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

h.  Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

i.  Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell;

j.  Defendant failed to design a safe method for removal or re-directioned water and moisture away from the walkways, loading areas, parking lot and entrance ways of the Premises; and

k.  Defendant was otherwise careless and negligent.

the foregoing dangerous conditions and problems.

11. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions on the part of the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., its agents and employees, the aisles and walkways were left in a dangerous condition which caused the Plaintiff to slip and fall, causing severe and permanent injuries to himself.

WHEREFORE, the Plaintiff, BRUCE ROGERS, prays for judgment to be entered in his favor and against the Defendant, ROTHBART CONSTRUCTION COMPANY, INC., in an amount in excess of $50,000 and which this Court deems just and proper, plus costs.

## COUNT XIII
### (Negligence)

1. On and before June 25, 2004, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY owned or managed the premises located at or about 959-965 Northpoint Blvd in Waukegan, Illinois (hereinafter "the Premises").

2. On or before June 25, 2004, Precision leased and occupied a portion of the premises.

3. At all times relevant herein Plaintiff, BRUCE ROGERS was a resident of the state of New Mexico.

4. At all times relevant, Defendant ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY conducted business in Cook County Illinois.

28

5.     At all times relevant. Defendant Precision conducted business in Cook County Illinois.

6.     On or about June 25, 2004, the Plaintiff, BRUCE ROGERS. was lawfully on the premises for the purpose of making a delivery to Precision.

7.     At the time and place aforesaid, Defendant,ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, by and through its authorized agents, owed a duty to BRUCE ROGERS to provide a safe area for entering and leaving the Premises and a duty to maintain the said Premises and its surrounding area, including the walkways, entranceways, loading areas and parking lot areas, in a safe manner and condition.

8.     On the aforesaid date, the Plaintiff, BRUCE ROGERS. was walking on the common and usual area for entering and leaving the Premises when he slipped and fell on an unnatural accumulation of water, debris, dirt and growths located on the walkway, parking area and loading area of the Premises and on an unnatural accumulation of moisture in and about the walkway and parking lot area of the Premises.

9.     At and before the time and place aforesaid, Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a ROTHBART CONSTRUCTION REALTY, was negligent in one or more of the following ways:

    a.     Carelessly and negligently operated, managed, maintained said Premises and its walkways, entrance ways, loading areas, and parking lot ;

    b.     Carelessly and negligently failed to properly maintain said Premises and its walkways, entrance ways and parking lot

loading areas, entrance ways and parking lot for dangerous conditions;

d. Carelessly and negligently failed to repair or remove a drainage pipe that directed water, liquids and debris in and about the walkways, loading areas, parking lot and entranceways of the Premises;

e. Carelessly and negligently allowed a drainage pipe and the area in and about the walkways and parking lot leading to the entrance ways to PRECISION to be and remain in disrepair;

f. Carelessly and negligently failed to re-direct water, liquids and debris from the walkways, loading areas, parking lot and entranceways of the Premises;

g. Carelessly and negligently failed to warn delivery people, including the Plaintiff, of the above described unsafe conditions;

h. Carelessly and negligently allowed an unnatural accumulation of moisture; water, liquids, debris and growth to develop and remain in and about the walkways, loading areas, parking lot and entrance ways of the Premises;

i. Defendant failed to provide Plaintiff with a safe pathway for ingress and egress into Precision to which he was a lawful invitee;

j. Defendant failed to provide or maintain sufficient and/or appropriate warnings of the unsafe conditions in and about the area where Plaintiff fell; and

k. Defendant was otherwise careless and negligent.

10. Defendant, ROTHBART CONSTRUCTION COMPANY, INC. a/k/a HBART CONSTRUCTION REALTY, knew or should have known of the foregoi erous conditions.

30