Attorney No: 33718

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRUCE ROGERS, | ) |
| Plaintiffs, | ) |
| v. | ) No. 06 L 5376 |
| ROTHBART PROPERTIES, et al. | ) |
| Defendants. | ) |

### PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO RECONSIDER THE COURT'S RULING ON DEFENDANT PRECISION LABORATORY INC'S MOTION TO DISMISS PURSUANT TO 735 ILCS 5/2-619(A)(9)

Now comes the Plaintiff Bruce Rogers, by and through his attorneys, CUTLER & HULL, and for his reply in support of his motion to reconsider, states as follows:

1. Defendant Precision, in its response to Plaintiff's Motion to Reconsider fails provide a substantive response to Plaintiff's primary basis for reconsideration. Specifically, Plaintiff's motion argues that the Court's ruling must be reconsidered because the allegations of Plaintiff's complaint and the supporting evidence submitted by Plaintiff demonstrated that Plaintiff fell on the **entranceway** to Precision's leased premises; the very **entranceway** that Precision directed the Plaintiff to use.

2. In support of this argument, Plaintiff cited the well settled law of Illinois, that an occupier of land, such as Precision, has a duty to provide a safe means of ingress and egress to their premises. McDonald v Frontier Lanes, Inc. 1 Ill. App 3d 345, 272 N.E. 2d 369 (1971); Cooley v Makse 46 Ill. App. 2d 25, 196 N.E. 2d 396;

3. Defendant Precision does not cite any case law contrary to the well settled law set


EXHIBIT 7

forth in the cases cited in Plaintiff's brief in support of his motion. Accordingly, Defendant Precision had conceded that Illinois law requires an occupier of land to provide a safe means of ingress and egress to its premises. Further, Defendant Precision has conceded that the duty to provide a safe means of ingress and egress does not end at the property line.

4. Defendant Precision would have this Court based its ruling solely on the lease agreement between Defendant Rothbart and Defendant Precision. This is the same lease agreement that was the subject of the deposition testimony provided by Gary Rothbart and Terry Culp, the Precision representative. As discussed in Plaintiff's brief in support of its motion to reconsider, both of these individuals testified that the lease required the other party to maintain the area where the Plaintiff fell. At the very least, this testimony creates a genuine issue of material fact as to which party had the responsibility for maintaining the area where Plaintiff fell.

5. The Plaintiff's complaint clearly alleges that he fell on the entranceway to Precision's premises. Most importantly, Precision's witness admitted that the entrance way on which Plaintiff fell was the entrance way Precision expected Plaintiff to take after reading the sign Precision put up directing drivers such as Plaintiff to use its other door.

6. Precision wants this Court to ignore the admissions by Precision's witness and ignore the clear allegations of Plaintiff's complaint. Respectfully, under the well settled law of Illinois, this Court can not ignore those admissions nor can this Court ignore the Plaintiff's allegations. Here Plaintiff fell on an admitted entrance way and on the entrance way which Precision directed Plaintiff to use to enter its premises. The well settled law of Illinois requires an occupier of land to keep the entrance way of its premises safe. Here, Precision did not do that.

7. Respectfully, Plaintiff requests that this Court to grant its motion to reconsider and

deny Precision's motion to dismiss. In the alternative, Plaintiff requests this Court grant Plaintiff leave to file an amended complaint.

Respectfully submitted,

Bruce Rogers

_____
By one of his attorneys

Cutler & Hull
Three First National Plaza
70 West Madison, Suite 3700
Chicago, Illinois 60602
Attorney No. 33718