1750007022

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Gottschall |
| | ) | |
| v. | ) | Magistrate Judge Denlow |
| | ) | |
| ROTHBART PROPERTIES, et al. | ) | Case No. 08 C 0822 |
| | ) | |
| Defendants. | ) | |

**CROSS-DEFENDANT PRECISION LABORATORIES, INC.'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS CROSSCLAIMS**

PRECISION LABORATORIES, INC., (improperly labeled as a "cross-defendant"[1]),

moves this Court for an order granting its Motion to Dismiss Crossclaims on two independent

reasons:  First, cross-plaintiffs failed to comply with Rule 4 of the Federal Rules of Civil

Procedure in their improper service of the cross-claims.  Second, cross-plaintiffs filed their

crossclaims in direct contravention of two existing orders in this matter, and may have misled

this Court doing so.

**I.      Cross-Plaintiffs Failed to Comply with FRCP 4 Regarding Service on
         Precision.**

All cross-plaintiffs, including ROTHBART CONSTRUCTION COMPANY, INC.,

("Rothbart Construction"), ROTHBART REALTY COMPANY, 977 NORTHPOINT

VENTURES, LLC and SLJ PROPERTIES, INC. (collectively, "977 Northpoint"), have

improperly served their cross-complaints on PRECISION LABORATORIES, INC.

---

[1] ROTHBART CONSTRUCTION COMPANY, INC., ROTHBART REALTY COMPANY, 977 NORTHPOINT VENTURES, LLC and SLJ PROPERTIES, INC. have improperly labeled themselves "cross-plaintiffs," have improperly labeled their third-party complaint as a "crossclaim" and have improperly labeled PRECISION LABORATORIES, INC. as a cross-defendant.  The claim filed by these parties is a third-party complaint, as Precision Laboratories was dismissed from this case with prejudice on May 4, 2007.  Precision Laboratories has not been a party to this action since that time.  Therefore, a new claim against a party that is not presently a party to this action is properly labeled a third-party complaint.

("Precision").

Cross-claimant Rothbart Construction failed to serve a summons with the crossclaim for contribution. Rothbart Construction further violated Rule 4 of the Federal Rules of Civil Procedure in that it did not serve the crossclaim on Precision. Rather, it simply sent a copy of the crossclaim to the law firm that was counsel for Precision at the time Precision was dismissed with prejudice from this action over one year ago (May 4, 2007). (See Exhibit A to the motion.)

In its response brief, Rothbart Construction fails to address the argument that it did not comply with Rule 4. It has provided the Court with no argument as to why its crossclaim should not be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

Cross-claimant 977 Northpoint has failed to serve Precision with its complaint whatsoever. So as not to waive the argument under Rule 12(b)(5) for insufficient service of process, Precision argues in its Motion to Dismiss Crossclaims that 977 Northpoint's crossclaim must also be dismissed, as it has never been served on Precision.

In its response brief, 977 Northpoint argues, incredibly, that Precision has somehow waived its argument for dismissal under Rule 12(b)(5). This argument is completely misplaced, and is defeated upon a simple reading of Rule 12(b):

> "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed…No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."

The first action taken by Precision upon learning of the crossclaims of Rothbart Construction and 977 Northpoint was to file its Motion to Dismiss Crossclaims pursuant to Rule 12(b)(5) and 12(b)(6). In no way has Precision waived its Rule 12(b)(5) argument regarding insufficient service of process. Precision immediately filed its motion under Rule 12(b)(5) as required by the rule, and it also set forth its substantive defense under Rule 12(b)(6). 977

2

Northpoint's citation to Rule 12(h)(1) is completely misplaced, and its contention that it is improper to join a Rule 12(b)(5) argument with a Rule 12(b)(6) argument is simply wrong.

For the foregoing reasons, the crossclaims of Rothbart Construction and 977 Northpoint must be dismissed pursuant to Rule 12(b)(5).

## II.    The Crossclaims Are in Direct Contravention of Two Existing Orders Determining Precision's Lack of a Duty to Plaintiff.

The cross-claimants allege the *same duty* in their crossclaims that the Court in this matter has *twice* ruled *does not exist.* (See Exhibits A and B to the motion.)    Filing a pleading with the Court in direct contravention of two existing court orders is improper, at best, and sanctionable, at worst.    Further, if cross-claimants did not inform this Court that there were prior orders entered in this case with a direct finding that Precision owed no duty to plaintiff, then cross-claimants have misled the Court by not so informing the Court.

Despite the fact that the cross-claimants likely did not notify the Court that they were filing pleadings with identical allegations of duty which had been previously dismissed with prejudice, these cross-claimants now ask this Court's indulgence to "exercise its discretion," and vacate the May 4, 2007 order that dismissed Precision from this litigation. Again, the actions of cross-claimants are improper and unacceptable. While the cross-claimants sought leave of Court to file their cross-claims, there is no indication in the record that they requested that this Court reconsider the previous rulings pursuant to FRCP Rule 60 so as to vacate the ruling that Precision owed plaintiff no duty.

Cross-claimants have never challenged the validity of the May 4, 2007 order or the July 12, 2007 order in this matter. Rather, they have simply now argued in their respective response briefs to this Court that the orders were "in error." Cross-claimants then cite to Illinois case law regarding issues of ingress and egress such as *McDonald v. Frontier Lanes, Inc., Cooley v.*

*Maske*, and *Bloom v. Bistro Restaurant, Ltd. Pshp.* which have already been briefed, reviewed and argued ad nauseum before the Honorable Judge Ronald Davis. Attached hereto as Exhibits 1-7[2] are all of the briefings and exhibits as to Precision's Motion for Involuntary Dismissal and Plaintiff's Motion to Reconsider the Court's Ruling on Defendant Precision Laboratory Inc.'s Motion to Dismiss Pursuant to 735 ILCS 5/2-619(a)(9). The motions, briefs and exhibits thereto clearly demonstrate the facts and law, (which are the same now as they were then), that were properly taken into account during the hearing which resulted in the May 4, 2007 order dismissing Precision with prejudice, and the subsequent July 12, 2007 order uphold the dismissal with prejudice. The law now cited in cross-claimants' response briefs, (*McDonald v. Frontier Lanes, Inc.*; *Cooley v. Maske*; and *Bloom v. Bistro Restaurant, Ltd. Pshp.*), is the same as the law cited in plaintiff's original briefings on this very issue.

Simply put, cross-claimants attempt an end-run around Judge Davis' orders and do so in an improper manner. In essence, they have filed cross-claims in contravention of a court order and are now making a *de facto* motion for reconsideration. As courts in the Northern District of Illinois have found, "a motion for reconsideration...is not at the disposal of parties who want to "rehash" old arguments." *Young v. Murphy,* 161 F.R.D. 61, 62 (N.D.Ill. 1995). The Court in *Young* quoted the Seventh Circuit in stating that motions brought pursuant to Rule 60(b) "cannot be general pleas for relief," which is exactly what the cross-claimants do in their response briefs to Precision's motion.

---

[2] Ex. 1: Precision's Motion for Involuntary Dismissal; Ex. 2: Plaintiff's Response to Defendant Precision's Motion for Involuntary Dismissal; Ex. 3: Defendant Precision Laboratories, Inc.'s Reply in Support of Its Motion for Involuntary Dismissal; Ex. 4: Plaintiff's Motion to Reconsider the Court's Ruling on Defendant Precision Laboratories, Inc.'s Motion to Dismiss Pursuant to Rule 735 ILCS 5/2-619(a)(9); Ex. 5: Plaintiff's Brief in Support of His Motion to Reconsider the Court's Ruling on Defendant Precision Laboratories, Inc.'s Motion to Dismiss Pursuant to Rule 735 ILCS 5/2-619(a)(9); Ex. 6: Response to Plaintiff's Motion to Reconsider the Court's Ruling on Precision Laboratories, Inc.'s Motion to Dismiss; Ex. 7: Plaintiff's Reply in Support of His Motion to Reconsider the Court's Ruling on Defendant Precision Laboratory Inc.'s Motion to Dismiss Pursuant to 735 ILCS 5/2-619(a)(9).

Cross-claimants point to plaintiff's deposition testimony as the additional evidence required in their attempt to overturn the prior orders. Plaintiff, in his deposition, did not and could not provide any compelling evidence as to what constituted Precision's premises. The basis of the order dismissing Precision is that plaintiff did not fall on Precision's premises, and therefore, Precision owed plaintiff no duty. (See Ex. A to the motion.) The depositions of Precision's Terry Culp and Rothbart Realty Company's Gary Rothbart, (taken prior to Precision's Motion for Involuntary Dismissal), set forth the evidence necessary for the Court to determine whether or not plaintiff fell on Precision's premises, and the finding was that plaintiff did not do so. Plaintiff clearly has no ability to know who controlled the area on which he fell. Therefore, there is no new evidence that would require this Court to overturn the order dismissing Precision.

### III.    Conclusion.

Cross-claimants are in error in procedure, in law and in fact in their filing of the cross-claims for contribution against Precision. The matter of Precision's duty has been fully briefed, argued and decided on two separate occasions. Rather than seeking reconsideration of the issue, cross-claimants simply have filed third-party claims, improperly labeled as cross-claims, against Precision making the same allegations and citing the same law. After filing these claims, cross-claimants now request that this Court reverse two prior rulings without providing this Court with any significant "change of circumstances or additional facts which warrant such action." See *Balciunas v. Duff*, 94 Ill.2d, 176, 188, 446 N.E.2d 242, 247 (1983). When the Court reviews the attached motions, responses, and replies, it will find that the cross-claimants do not have new theories of recovery, but attempt to rehash for the third time their incorrect positions under Illinois law. This Court should not allow the parties to rehash these old arguments. See *Young v.*

*Murphy*, 161 F.R.D. 61, 62 (N.D.Ill. 1995).

WHEREFORE for the foregoing reasons Cross-Defendant PRECISION LABORATORIES, INC. respectfully requests this Court dismiss Crossclaimants' Crossclaims for Contribution Against Precision Laboratories, Inc. pursuant to FRCP 12(b)(5) or pursuant to FRCP 12(b)(6), or convert the motion to a Rule 56 Motion pursuant to FRCP 12(d) or for such other and further relief as this Court deems appropriate.

Respectfully submitted,

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC


By:    /s/  Adam C. Carter
        Adam C. Carter
        ARDC # 6274669

CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 W. Madison Street
Suite # 2200
Chicago, IL  60606
(312) 332-8450
Attorneys for PRECISION LABORATORIES, INC.